CONSTANCE E. NORTON, Bar No. 146365
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 433-1940
Facsimile: (415) 399-8490
Email: cnorton@littler.com

CHAD D. GREESON, Bar No. 251928
LITTLER MENDELSON, P.C.
Treat Towers, Suite 600
1255 Treat Boulevard
Walnut Creek, CA 94597
Telephone: (925) 932-2468
Facsimile: (925) 946-9809
Email: cgreeson@littler.com

Attorneys for Defendants
BENIHANA NATIONAL CORP. and
BENIHANA INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR ROSALES, on behalf of himself, on behalf of others similarly situated and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>BENIHANA NATIONAL CORP., BENIHANA, INC. and DOES 1 through 10, inclusive,<br><br>Defendants. | (State Court Case No. CGC-20-582696)<br><br>**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332(d)(2) (CAFA)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT**:

**PLEASE TAKE NOTICE** that Defendants Benihana National Corp. and Benihana Inc. (collectively, "Defendants") hereby remove the above-captioned action from the Superior Court of the State of California for the City and County of San Francisco (the "State Court") to the United States District Court for the Northern District of California. The basis for original jurisdiction of the federal court is grounded in the Class Action Fairness Act of 2005 ("CAFA") and pursuant to 28 U.S.C. §§

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL                    CASE NO.

1332(d)(2), 1441(a) and 1446. As set forth below, this action meets each of the requirements for removal and is timely and properly removed by the filing of this Notice of Removal. In support of this Notice of Removal, Defendants state as follows:

## STATEMENT OF JURISDICTION

1.      This Court has original jurisdiction over this action under CAFA. *See* 28 U.S.C. § 1332(d)(2). CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount placed in controversy for the putative class members, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.

2.      This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d)(2), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441 (a), in that it is a civil action wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not a state, state official, or other governmental entity; (3) there is diversity between at least one class member and Defendants; and (4) the amount in controversy for all class members exceeds $5,000,000.

3.      As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

## PLEADINGS, PROCESS, AND ORDERS

4.      On February 4, 2020, Plaintiff Salvador Rosales commenced this action by filing a Class Action Complaint ("Complaint") in the Superior Court of California, City and County of San Francisco, entitled *Salvador Rosales, on behalf of himself, on behalf of others similarly situated and the general public v. Benihana National Corp., Benihana, Inc., and Does 1-10*, designated as Case No. CGC-20-582696 (the "State Court Action").

5.      Plaintiff's Complaint in the State Court Action asserts the following causes of action: (1) Unpaid Overtime Compensation in Violation of IWC Wage Order No. 5 and Cal. Labor Code §§ 500, 510, and 1194; (2) Unpaid Minimum Wages in Violation of IWC Wage Order No. 5 and Cal. Labor Code §§ 1194 and 1194.2; (3) Failure to Provide Compliant Rest Periods in Violation of IWC Wage Order No. 5 and Cal. Labor Code § 226.7(a); (4) Failure to Provide Accurate/Itemized Wage

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL                    2.                    CASE NO.

1   Statements in Violation of Cal. Labor Code § 226; (5) Waiting Time Penalties Pursuant to Cal. Labor

2   Code §§ 201-203; (6) Civil Penalties Pursuant to California's Private Attorneys General Act of 2004

3   ("PAGA"), Cal. Labor Code § 2698, *et seq.*; and (7) Unfair Competition in Violation of Cal. Business

4   & Professions Code § 17200, *et seq.* A true and correct copy of the Complaint is attached to this Notice

5   of Removal as **Exhibit A** (hereafter "Complaint").

6          6.      For these causes of action, Plaintiff seeks damages for unpaid regular and overtime

7   wages, liquidated damages, prejudgment interest, and attorneys' fees and costs. (Complaint, Prayer

8   for Relief, pp. 17-18.)

9          7.      On May 13, 2020, Plaintiff served Defendants with a copy of the Summons, Complaint,

10  Civil Case Cover Sheet, Notice of Case Management Conference, and Alternative Dispute Resolution

11  Information Package. On May 21, 2020, Plaintiff filed proofs of service of the summons on Defendants

12  in the State Court Action. True and correct copies of these documents are attached to this Notice of

13  Removal as **Exhibit B**.

14         8.      On June 11, 2020, Defendants filed an Answer to the Complaint in the Superior Court

15  of the State of California, City and County of San Francisco. A true and correct copy of the Answer is

16  attached to this Notice of Removal as **Exhibit C**.

17         9.      Pursuant to 28 U.S.C. § 1446(a), these documents collectively constitute "all process,

18  pleadings and orders" that have been served upon Defendants and filed in the State Court Action. To

19  Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in

20  the State Court Action or served by any party, and no proceedings related hereto have been heard in

21  the State Court Action. Exhibits A, B, and C referenced above and attached hereto satisfy the

22  requirements of 28 U.S.C. § 1446.

23                              **TIMELINESS OF REMOVAL**

24         10.     Pursuant to 28 U.S.C. § 1446(b) and Rule 6(a)(1)(C) of the Federal Rules of Civil

25  Procedure, a notice of removal of a civil action must be filed within thirty (30) days of receipt of

26  service of the summons and complaint if the complaint demonstrates that the case is removable.

27  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999) (removal period

28  is triggered by completed state service of process).

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL            3.            CASE NO.

11.     Removal of this action is timely because this Notice of Removal is filed within thirty (30) days from May 13, 2020, when Defendants were served with the Summons and Complaint. 28 U.S.C. § 1446(b). (*See* **Exhibit B**.)

<u>**VENUE**</u>

12.     Plaintiff filed the Complaint in the Superior Court for the City and County of San Francisco, California. (*See generally* Complaint.) Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84, 1391, 1441, and 1446.

13.     This is the District Court of the United States for the district embracing the place where the State Court Action is pending and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a). *See also* 28 U.S.C. § 84 (relating to the four judicial districts of California and location of City and County of San Francisco in the Northern District).

<u>**CAFA REQUIREMENTS**</u>

14.     As noted above CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As detailed below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice.

**Plaintiff's Complaint Seeks Relief as a Class Action**

15.     Under CAFA, "class action" means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action. 28 U.S.C. § 1332(d)(1)(B).

16.     Plaintiff's Complaint asserts that he is seeking to pursue a class action on behalf of himself and others similarly situated. (Complaint, ¶¶ 2, 5, 8, 13, 16, 19, 27, 32-46, Prayer for Relief, pp 17-18.)

**The Proposed Class Contains at Least 100 Members**

17.     Pursuant to 28 U.S.C. § 1332(d)(5)(B), district courts have original jurisdiction over a class action case under CAFA if the number of members of the proposed class is no less than 100. *See*

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL          4.          CASE NO.

1  28 U.S.C. § 1332(d)(5)(B).

2  18.   As set forth in the Complaint at paragraph 32, Plaintiff seeks to represent a class

3  consisting of current and former restaurant workers defined as follows:

4  
5  
6  

> All current and former hourly or non-exempt employee's [sic] of
> DEFENDANTS who worked in the State of California at any time from
> four years from the date of the filing of this action through the entry of
> final judgment in this action.

7  19.   Approximately 2,736 hourly or non-exempt employees worked for Defendant

8  Benihana National Corp. in California[1] from February 4, 2016 to June 3, 2020 (hereafter for removal

9  purposes only, "Putative Class"), when the most recent data was pulled for this analysis. (*See*

10  Declaration of Nicole Thaung in Support of Defendants' Notice of Removal (hereafter, "Thaung

11  Decl."), ¶ 4, filed concurrently herewith.) *Without conceding the scope of the Putative Class*, the

12  Putative Class contains more than 100 members as pleaded.

13  **Defendants Are Not Governmental Entities**

14  20.   CAFA does not apply to class actions where "primary defendants are States, State

15  officials, or other governmental entities against whom the district court may be foreclosed from

16  ordering relief." 28 U.S.C. § 1332(d)(5)(B).

17  21.   As Plaintiff concedes, Defendants are incorporated in the State of Delaware.

18  (Complaint at ¶¶ 11-12; s*ee also* Declaration of Sharon Rose in Support of Defendants' Notice of

19  Removal ("Rose Decl."), ¶¶ 2-3 filed concurrently herewith.)) Neither Defendant is a state, state

20  official, or other government entity.

21  **Plaintiff's Citizenship Is Diverse from Defendants' Citizenship**

22  22.   CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a

23  class of Plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A);

24  1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes

25  and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969).

26  
27  

[1] Defendant Benihana, Inc. has no employees in California or elsewhere.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

23.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).

24.    Here, Plaintiff Salvador Rosales fails to set forth allegations regarding citizenship. (*See generally* Complaint.) However, Defendant Benihana National Corp.'s records indicate that Plaintiff Salvador Rosales resided in the City and County of San Francisco, California. (*See* Declaration of Nicole Thaung in Support of Defendants' Notice of Removal (hereafter, "Thaung Decl."), ¶ 3, filed concurrently herewith.)

25.    In addition, Plaintiff alleges that under California's Private Attorneys General Act of 2004 ("PAGA") a "private citizen" can pursue civil penalties on behalf of the State of California's Labor and Workforce Development Agency ("LWDA"), pursuant to Labor Code section 2698, *et seq.* (Complaint, ¶¶ 4, 74-82.) The Complaint contains a cause of action for civil penalties under the PAGA. (*Id.*) With these assertions, Plaintiff effectively alleges that he is a "private citizen" of the State of California.

26.    With regard to Defendants' citizenship, under 28 U.S.C. section 1332, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As explained by the United States Supreme Court, "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities . . . We believe that the 'nerve center,' will typically be found at a corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 77 (2010).

27.    Plaintiff's Complaint asserts that Defendants are Delaware corporations. (Complaint, ¶¶ 11-12.) At the time the action was commenced, Defendants were, and still are, incorporated under the laws of the State of Delaware and are therefore citizens of the State of Delaware. (Rose Decl., ¶¶

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL         6.         CASE NO.

2-3 filed concurrently herewith.) At the time the action was commenced, Defendants' principal place of business was, and remains, in Aventura, Florida. Thus, Defendants are citizens of the State of Florida. (*Id.*) Neither is a citizen of California.

28.     The Complaint also names "Does 1 through 10," which are wholly fictitious defendants. The Complaint does not set forth the identity or status of any fictitious defendants. (Complaint, ¶ 14.) Thus, pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

29.     This action satisfies diversity requirements because Plaintiff is a citizen of the State of California and Defendants are citizens of Delaware and Florida. Therefore, the minimal diversity requirement of 28 U.S.C. section 1332(d)(2)(A) is satisfied.

**The Amount Placed in Controversy Exceeds the Jurisdictional Threshold**

30.     This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the matter in controversy exceeds the jurisdictional threshold. 28 U.S.C. § 1332(d)(2). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6).

31.     The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "[A]s specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id*. Otherwise, "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. at 553.

///

///

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL          7.          CASE NO.

32.    Here, Plaintiffs do not allege the amount placed in controversy in the Complaint. Using available business records, however, Defendants can run calculations to *estimate* the amount placed in controversy based on the claims alleged in Plaintiff's Complaint.

33.    Defendants deny the allegations in the Complaint, yet are still entitled to show that the amount placed in controversy exceeds the CAFA jurisdictional minimum. "Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial. This is so because they are not stipulating to damages suffered, but only estimating the damages that are in controversy." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1200, n1. (9th Cir. 2015) (citing *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.,* 159 F.3d 1209, 1213 (9th Cir.1998) (holding that jurisdiction must be analyzed on the basis of pleadings filed at the time of removal and damages may change as a result of post-removal events)).

34.    Here, Defendants deny the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. *For purposes of removal only, however, and without conceding that Plaintiffs as members of any Putative Class or alleged aggrieved employees are entitled to any damages or penalties whatsoever,* it is readily apparent that the aggregated claims of the Putative Class establish, by a preponderance of evidence, that the amount placed in controversy well exceeds the jurisdictional minimum for CAFA.

35.    The Complaint asserts a cause of action for a violation of the California Unfair Competition Law ("UCL"), Business and Professions Code § 17200, *et seq.* (Complaint, ¶¶ 83-94.) Alleging a UCL violation may extend the statute of limitations for certain claims brought by Plaintiffs and the Putative Class from three to four years before the filing of the Complaint. In this case, the statute of limitations on certain claims extends to February 4, 2016. *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration Products Co.*, 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

36.    During all relevant time periods, Defendant Benihana National Corp. paid Plaintiffs and all other members of the Putative Class on a bi-weekly basis. (Thuang Decl., ¶ 2.)

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL          8.          CASE NO.

37.     As a non-exempt hourly employee, Plaintiff Salvador Rosales' rate of pay at the time of termination was $16.00 per hour. (Thuang Decl., ¶ 3.)

38.     From February 4, 2016 to June 3, 2020 (when the most recent data was pulled for this analysis), approximately 2,736 non-exempt, hourly employees worked for Defendant Benihana National Corp. in the State of California ("Putative Class"). (Thuang Decl., ¶ 4.) The Putative Class members worked 507,314 shifts in 127,747 workweeks given their respective hire and termination dates according to Defendant Benihana National Corp.'s business records. (*Id.*) The average hourly rate earned by the Putative that Plaintiff seeks to represent during this timeframe is $12.65. (*Id.*)

39.     The claim for **unpaid minimum wages** involves approximately 2,736 members of the Putative Class, with 507,314 workweeks in controversy from February 4, 2016 to the present. (Thuang Decl., ¶¶ 4-5.) In the Complaint Plaintiff alleges that he worked 5-6 days per week and regularly worked shifts that ranged from 5.5 to 8 hours per day. (Complaint, ¶ 21-22.) Plaintiff alleges that he and members of the Putative Class spent ten minutes "off the clock" both before and after each shift to change into their "uniforms." (Complaint, ¶¶ 23.) The Complaint alleges that Defendants failed to pay members of the Putative Class at least minimum wage for all hours worked due to Defendants' "unlawful rounding policy" related to off-the-clock work associated with putting on and taking off Defendants' uniform. (Complaint, ¶¶ 24, 53-55.) *While Defendants deny the validity and merit of Plaintiff's minimum wage claims, for purposes of removal only*, Defendants estimate that adding 20 minutes to all shifts worked at the average hourly rate for the Putative Class assuming an average shift of 5.5 hours as alleged in the Complaint places $2,139,174 in controversy on the minimum wage claim. (Thuang Decl., ¶ 5.)

40.     The claim for **missed rest breaks** involves approximately 2,736 members of the Putative Class with 507,314 shifts in controversy from February 4, 2016 to June 3, 2020. (Thuang Decl., ¶ 4.) In the Complaint Plaintiff alleges that he worked 5-6 days per week and regularly worked shifts that ranged from 5.5 to 8 hours per day. (Complaint, ¶¶ 21-24.) The Complaint alleges that members of the Putative Class worked more than 4 hours without receiving a 10 minute rest break or compensation at one hour of their regular rate of pay. (Complaint, ¶¶ 25-26.) The Complaint further alleges that Defendants failed to establish and/or enforce a rest break policy. (Complaint, ¶ 27.) *While*

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1   *Defendants deny the validity and merit of Plaintiff's missed rest break claims and for purposes of*

2   *removal only*, Defendants assume that all shifts worked were on average 5.5 hours as alleged in the

3   Complaint and thus eligible for a rest break. The total potential damages for the alleged rest break

4   violation can be determined by multiplying the number of shifts for the Putative Class by the average

5   hourly rate for the Putative Class by one hour per shift. Applying a 10 percent violation rate to the

6   total potential damages for alleged missed rest breaks places $641,760 in controversy on the missed

7   rest break claim. (Thuang Decl., ¶ 6.)

8        41.      With respect to the claim for **non-compliant wage statements**, Plaintiff alleges that

9   Defendants failed to maintain accurate itemized wage statements in violation of Labor Code section

10  226. (Complaint, ¶¶ 29, 63-64.) Plaintiff alleges that he and the members of the Putative Class are

11  entitled to penalties provided for under Labor Code section 226, which are $50 per employee for the

12  initial pay period in which a violation occurs, and $100 per employee for each violation in a subsequent

13  pay period, not to exceed an aggregate penalty of four thousand dollars per violation ($4,000).

14  *Defendants deny the validity and merit of Plaintiff's non-compliant wage statement claims. However,*

15  *for purposes of removal only and given the one year statute of limitation applicable to section 226*

16  *claims* (i.e., the class period beginning February 4, 2019), Defendants determined the amount in

17  controversy by multiplying the number of pay periods by the statutory penalties alleged above. From

18  February 4, 2019 to June 3, 2020, approximately 1,370 members of the Putative Class worked 18,540

19  pay periods. (Thuang Decl., ¶ 7.) Given that the Putative Class is paid bi-weekly, Defendants estimate

20  $1,785,500 in controversy on Plaintiff's non-compliant wage statement claim. (Thuang Decl., ¶¶ 2,

21  7.)

22       42.      With respect to the claim for **waiting time penalties**, Plaintiff alleges that Defendants

23  failed to timely pay final wages to him and members of the Putative Class whose employment ended

24  during the class period, as required by Labor Code sections 201-203. (Complaint, ¶¶ 67-72.) *While*

25  *Defendants deny the validity and merit of Plaintiff's waiting time penalties claims, for purposes of*

26  *removal only*, Defendants determined the amount placed in controversy by applying the maximum

27  statutory penalty authorized. Approximately 1,917 members of the Putative Class were terminated

28  within the three (3) year statute of limitations applicable to this claim (*i.e.*, the class period beginning

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL          10.          CASE NO.

February 4, 2017). (Thuang Decl., ¶ 8.) Assuming a 5.5-hour average shift as alleged in the Complaint, Defendants estimate waiting time penalties for the Putative Class by multiplying 5.5 hours per day by the average hourly rate of the Putative Class by the maximum thirty (30) days, which places $4,001,258 in controversy on the waiting time penalty claims. (*Id.*)

43.     In addition, the Complaint seeks recovery of attorneys' fees and costs. (*See* Complaint, ¶¶ 82, 94, Prayer for Relief, p. 18.) It is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S. Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts). The attorneys' fees benchmark in the Ninth Circuit is 25 percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent.") (citation omitted); *Lo v. Oxnard Euro. Motors, LLC*, No. 11-CV-1009, 2012 US. Dist. LEXIS 73983, *8-9 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.").

44.     *Defendants deny the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them.* Notwithstanding Plaintiff's failure to allege the total amount of damages claimed, the amount placed in controversy as alleged by Plaintiff's claims in this action exceeds the jurisdictional threshold. A conservative estimate of the amount placed in controversy is roughly $8,567,692, excluding the claims for unpaid overtime wages, PAGA penalties, and attorneys' fees.

| Cause of Action | Amount in Controversy |
|---|---|
| Unpaid Minimum Wage | $ 2,139,174 |
| Missed Rest Periods | $ 641,760 |
| Non-Compliant Wage Statements | $ 1,785,500 |
| Waiting Time Penalties | $ 4,001,258 |
| Unpaid Overtime | *Not Estimated* |
| PAGA Penalties | *Not Estimated* |
| Attorneys' Fees | *Not Estimated* |
| **Total** | **$ 8,567,692** |

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL           11.           CASE NO.

45.    Removal of this action is therefore proper as the aggregate value of Plaintiff's class causes of action for unpaid minimum wages, missed rest periods, non-compliant wage statements, waiting time penalties, and attorneys' fees is well in excess of the CAFA jurisdictional requirement of $5,000,000. *See* 28 U.S.C. § 1332(d)(2).

## NOTICE TO STATE COURT AND ADVERSE PARTY

46.    Pursuant to 28 U.S.C. § 1446(d), a "Notice to State Court and Adverse Parties of Filing Notice of Removal" and a copy of this Notice of Removal are being contemporaneously filed with the State Court and served on Plaintiff's counsel of record. Attached as **Exhibit D** is a true and exact copy of the "Notice to State Court and Adverse Parties of Filing Notice of Removal" (without exhibits).

## CONCLUSION

47.    This action is removable to this Court because: (a) Defendants have established by a preponderance of the evidence that the amount placed in controversy for this class action exceeds the $5 million jurisdictional minimum for CAFA removal; (b) this Notice of Removal is filed within thirty days (30) after Defendants were served with the Complaint; and (c) the State Court in which this action was commenced is within this Court's district and division.

WHEREFORE, please take notice that Defendants Benihana Inc. and Benihana National Corp. hereby remove the above-entitled action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California.

DATED: June 12, 2020

/s/ Chad D. Greeson
CONSTANCE E. NORTON
CHAD D. GREESON
LITTLER MENDELSON, P.C.

Attorneys for Defendants
BENIHANA NATIONAL CORP.
and BENIHANA INC.

4848-3121-0943.1 062447.1153

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL          12.          CASE NO.

# EXHIBIT A

Arlo García Uriarte, SBN 231764
Un Kei Wu, SBN 270058
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006

Attorneys for PLAINTIFF
SALVADOR ROSALES

ENDORSED
FILED
San Francisco County Superior Court

FEB 04 2020

CLERK OF THE COURT
BY: KALENE APOLONIO
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| SALVADOR ROSALES, on behalf of himself, on behalf of others similarly situated and the general public,<br><br>PLAINTIFF,<br><br>v.<br><br>BENIHANA NATIONAL CORP., BENIHANA, INC. and DOES 1 through 10, inclusive.<br><br>DEFENDANTS. | Case No.: CGC-20-582696<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) **OVERTIME COMPENSATION**<br>(2) **UNPAID WAGES**<br>(3) **REST PERIOD VIOLATIONS**<br>(4) **WAGE STATEMENTS**<br>(5) **WAITING TIME PENALTIES**<br>(6) **PRIVATE ATTORNEY GENERAL ACT (Labor Code §§2699, et seq.)**<br>(7) **UNFAIR COMPETITION IN VIOLATION OF CAL. BUSINESS AND PROFESSIONS CODE §§ 17200 ET. SEQ**<br><br>**JURY TRIAL DEMANDED** |

1

1. PLAINTIFF SALVADOR ROSALES (hereinafter "PLAINTIFF"), submits this Complaint on behalf of himself and other similar situated, against BENIHANA NATIONAL CORP., and BENIHANA, INC., and DOES 1-10 (hereinafter "DOES") (collectively "DEFENDANTS"). The allegations below are made on PLAINTIFF'S information and beliefs:

## I. INTRODUCTION

2. This class action is for the purpose of prosecuting claims under California Labor Code §§ 201-204, 226.7, 510, 512, 1174, and 2699, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission ("IWC").

3. This complaint challenges systemic illegal employment practices by DEFENDANTS resulting in violations of the California Labor Code, Business and Professions Code and the applicable IWC Wage Order.

4. The Private Attorney General Act of 2004 ("PAGA") codified in Cal. Labor Code § 2698, et seq. allows a private citizen to pursue civil penalties on behalf of the State of California Labor and Workforce Development Agency ("LWDA"). The aggrieved employee is allowed to seek civil penalties not only for violations that he or she personally suffered but also for violations of "other current or former employees" pursuant to Cal. Labor Code § 2699(a).

5. PLAINTIFF is informed and believes and based thereon allege DEFENDANTS have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and the applicable IWC Wage Order by creating and maintaining policies, practices and customs that knowingly deny employees, such as PLAINTIFF and putative class members: (1) overtime compensation, (2) compensation for unpaid wages (minimum wage) (3) compensation for denied rest breaks, (4) accurate, itemized wage statements, (5) waiting time penalties,

(6) Private Attorney General Act (Labor Code §§2699, et seq.), and (7) unfair competition in violation of Cal. Business and Professions Code §§ 17200 ET. SEQ.

6.      The policies, practices and customs of DEFENDANTS described above and below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code and Industrial Welfare Commission ("IWC").

## II.      JURISDICTION AND VENUE

7.      The Court has jurisdiction over the violations of the California Labor Code §§ §§ 201-204, 223, 226.7, 510, 512, 1174, 1194, and 2699, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 5.

8.      Jurisdiction is proper in this Court because alleged damages exceed Twenty-five Thousand Dollars ($25,000.00). PLAINTIFF meets the requirements of C.C.P. § 382 to bring this action because, among other reasons, the question is one of common or general interest, is a question of many persons and/or the parties are numerous and it is impracticable to bring them all before the Court.

9.      Venue is proper because DEFENDANTS' principal place of business is located within the county of San Francisco. PLAINTIFF worked for DEFENDANTS in the county of San Francisco.

## III.      PARTIES

10.      PLAINTIFF is a competent individual who was formerly employed by DEFENDANTS as full-time or part-time employee who received hourly wages.

11.      DEFENDANT BENIHANA NATIONAL CORP. is a Delaware corporation doing business in the State of California as Benihana.

12.      DEFENDANT BENIHANA, INC. is a Delaware corporation doing business in the State of California as Benihana.

3

13.     DEFENDANTS were joint employers of PLAINTIFF and other employees similarly situated during the relevant class claim period.

14.     At all times herein mentioned DEFENDANTS and DOES 1 through 10, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. DEFENDANTS own and operate an industry, business and establishment throughout California. As such, and based upon all the facts and circumstances incident to DEFENDANTS' business in California, DEFENDANTS are subject to California laws that regulate the employment and working conditions of employees in California, including California Labor Code §§ 201-204, 223, 226.7, 510, 512, 1174, 1194, and 2699, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 5.

15.     PLAINTIFF does not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 10, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and PLAINTIFF prays leave to amend this complaint when the true names and capacities are known.

16.     PLAINTIFF is informed and believes and thereon alleges that each of said fictitious DEFENDANTS was responsible in some way for the matters alleged herein and proximately caused PLAINTIFF and members of the class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

### IV.   STATEMENT OF FACTS

17.     DEFENDANTS own and operate Benihana in San Francisco, California.

18.     PLAINTIFF was hired by DEFENDANTS from November 14, 2013 to March 28, 2019. PLAINTIFF worked for DEFENDANTS as a preparation cook.

4

19.   The class period ("CLASS PERIOD") is four years from the filing of this action, through the entry of final judgment in this action.

20.   PLAINTIFF was a non-exempt hourly employee for DEFENDANTS.

21.   During the course of his employment, PLAINTIFF worked for DEFENDANTS approximately five (5) to six (6) days per week.

22.   During the course of his employment PLAINTIFF regularly worked on shifts that ranged from approximately five and half (5.5) to eight (8) hours per day.

23.   Instructed by supervisors, PLAINTIFF and similarly situated current and former employees were required to arrive approximately ten (10) minutes before their scheduled shift to change into DEFENDANTS' uniform. At the end of their scheduled shift, PLAINTIFF and similarly situated current and former employees had to clock out before removing their uniform. It took PLAINTIFF and similarly situated current and former employees on average ten (10) minutes to remove their uniform and leave the restaurant. PLAINTIFF, and similarly situated current and former employees were not compensated for time spent changing into and out of their uniform. PLAINTIFF and similarly situated current and former employees were not allowed to take their uniforms home.

24.   When PLAINTIFF and similarly situated current and former employees worked more than eight hours in one day and/or worked more than forty hours in one workweek DEFENDANTS failed to compensate PLAINTIFF, and similarly situated current and former employees for all their overtime hours accumulated due to off-the-clock time they spent dressing and undressing with DEEFENDANTS' uniform.

25.   During the course of his employment, PLAINTIFF and similarly situated current and former employees worked for periods of more than four (4) hours without a rest period of ten (10) minutes. For instance, during PLAINTIFF was assigned tasks that consisted of a heavy workload that

5

he was required to finish, and therefore, he was expected to prioritize finishing his tasks over taking breaks.

26.     PLAINTIFF, and similarly situated current and former employees, were not compensated one hour of their regular rate of pay for each time they are not provided rest breaks.

27.     During the CLASS PERIOD, DEFENDANTS failed to establish and/or enforce a rest break policy.

28.     DEFENDANTS did not have a payroll system and practice in place that compensates employees one (1) hour premium for denied or improper rest breaks.

29.     DEFENDANTS have failed to deliver accurate itemized wage statements of all wages earned by PLAINTIFF, and similarly situated current and former employees. The wage statements are not accurate in that they do not reflect the required compensation for all hours and minutes worked and denied or improper rest breaks.

30.     PLAINTIFF, and similarly situated current and former employees, were not able to ascertain if they were compensated for denied or improper and rest breaks.

31.     PLAINTIFF, and similarly situated current and former employees, are owed waiting time penalties because upon their separation, they were not paid all the money and compensations owed to them including wages, overtime compensation, and rest period compensation.

## V.   CLASS ACTION ALLEGATIONS

32.     PLAINTIFF brings this action on behalf of himself and a putative class of similarly situated employees pursuant to California Code of Civil Procedure § 382. The class is defined as: "All current and former hourly or non-exempt employee`s of DEFENDANTS who worked in the State of California at any time from four years from the date of the filing of this action through the entry of final judgment in this action."

33.    **NUMEROSITY AND ASCERTAINABILITY:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. PLAINTIFF is informed and believes that there are over one hundred (100) employees working for DEFENDANTS in California at any one time. The identity of putative class members is readily ascertainable by review of DEFENDANTS' records. Notice can be provided to DEFENDANTS' employees using techniques and a form of notice similar to those customarily used in class action lawsuits.

34.    PLAINTIFF is informed, believes, and based thereon alleges that DEFENDANTS' employees are denied:

a) Compensation for overtime worked;

b) Compensation for all hours worked;

c) Missed or improper rest period compensation;

d) Accurate itemized wage statements; and

e) Waiting time penalties.

35.    **ADEQUACY OF REPRESENTATION**: PLAINTIFF is member of the putative class. PLAINTIFF does not have any conflicts of interest with other putative class members and will prosecute the case vigorously on behalf of the putative class. PLAINTIFF will fairly and adequately represent and protect the interests of putative class members. PLAINTIFF'S counsel is competent and experienced in litigating wage and hour class actions.

36.    **SUPERIORITY OF CLASS ACTION**: A class action is superior to all other available means of fair and efficient adjudication of this controversy. Individual joinder of all putative class members is not practicable, and questions of law and fact common to the putative class predominate over any questions affecting only individual members of the class. DEFENDANTS' employees have been damaged and are entitled to recovery by reason of DEFENDANTS' unlawful policies and/or practices described herein. Because the damages suffered by individual putative class members may be

7

relatively small, albeit significant, the expense and burden of individual litigation make it impractical for most putative class members to seek individual redress for the wrongful conduct alleged. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

37.     The Labor Code and IWC Wage Order No. 5, are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic conditions and bargaining power in setting onerous terms and conditions of employment.

38.     The nature of this action and the format of laws available to PLAINTIFF and members of the putative class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual PLAINTIFF with their vastly superior financial and legal resources. Requiring each putative class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

39.     The prosecution of separate actions by individual putative class members, even if possible, would create a substantial risk of: (a) Inconsistent or varying adjudications with respect to individual putative class members against the DEFENDANTS, which would establish potentially incompatible standards of conduct for the DEFENDANTS; and/or (b) Adjudications with respect to individual putative class members which would, as a practical matter, be dispositive of the interest of the other putative class members not parties to the adjudications, or which would substantially impair

or impede the ability of DEFENDANTS' aggrieved employees to protect their interests. Further, the claims of the individual members of the putative class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

40.     **COMMON QUESTION OF LAW AND FACT:** There are questions of law and fact common to putative class members that predominate over any questions affecting only individual members of the class. These common questions of law and fact include:

41.     Whether DEFENDANTS have failed to pay employees wages for all overtime worked;

42.     Whether DEFENDANTS have failed to pay employees wages for all hours worked;

43.     Whether DEFENDANTS have failed to provide compensation to employees who were not provided rest periods in accordance with applicable law;

44.     Whether wage statements provided to DEFENDANTS' employees are adequate under applicable law, and whether employees are entitled to receive statutory penalties from DEFENDANTS for each wage statement violation committed;

45.     Whether DEFENDANTS willfully failed to pay all wages due to DEFENDANTS' employees who were discharged or quit, and whether such employees are entitled to receive statutory penalties from DEFENDANTS for each violation committed; and

46.     **TYPICALITY:** PLAINTIFF'S claims are typical to the claims of all members of the putative class. PLAINTIFF is member of the putative class and has suffered the alleged, class-wide violations described herein.

## VI.  DAMAGES

47.     As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, PLAINTIFF and similarly situated current and former employees are owed, among other things, payments for all hours worked, missed or improper rest periods plus interest, waiting time penalties under Labor Code §

203, and other statutory penalties in an amount that exceeds $25,000, the precise amount of which will be proven at trial.

## FIRST CAUSE OF ACTION

*(Unpaid Overtime Compensation)*

48.     PLAINTIFF realleges and incorporates the above allegations by reference.

49.     Pursuant to the IWC Wage Order No. 5 and Cal. Labor Code §§ 500, 510, and 1194, PLAINTIFF and similarly situated current and former employee are owed overtime compensation for all overtime hours. DEFENDANTS were required to compensate PLAINTIFF, and similarly situated employees of DEFENDANTS, for all their overtime worked.

50.     During the class CLAIM PERIOD, DEFENDANTS failed to compensate PLAINTIFF, and similarly situated current and former employees of DEFENDANTS, for all overtime worked.

51.     As a result of DEFENDANTS' unlawful time recording policy, PLAINTIFF and similarly situated current and former employees have been deprived overtime compensation in an amount determined at trial, and are entitled to recovery of such amounts, plus interest thereon, under Labor Code § 1194.

52.     PLAINTIFF, on behalf of himself and similarly situated current and former employees of DEFENDANTS, requests reliefs as described below.

## SECOND CAUSE OF ACTION

*(Unpaid Wages)*

53.     PLAINTIFF realleges and incorporates the above allegations by reference.

54.     Pursuant to Labor Code §§ 1194 and 1194.2 and IWC Wage Order No. 5, notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage for any work performed is entitled to recover the unpaid balance of the full amount of

10

this minimum wage, liquidated damages, including interest thereon, reasonable attorney's fees, and costs of suit.

55.    DEFENDANTS have failed to pay PLAINTIFF and putative class members for all hours worked at least at minimum wage because of their unlawful rounding policy.

56.    PLAINTIFF, on behalf of himself and other separated employees of DEFENDANTS, requests reliefs as described below

### THIRD CAUSE OF ACTION

*(Failure to Pay Compensation for Missed & Improper Rest Periods)*

57.    PLAINTIFF realleges and incorporates the above allegations by reference.

58.    Pursuant to Labor Code § 226.7(a) and IWC Wage Order No. 5, DEFENDANTS are required to authorize and permit PLAINTIFF, and similarly situated current and former employees of DEFENDANTS, the opportunity to take rest periods based upon total hours worked, at a rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof, with no deduction from wages.

59.    DEFENDANTS failed and refused to authorize and permit PLAINTIFF, and similarly situated current and former employees of DEFENDANTS, ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof, in violation of Labor Code § 226.7(a) and IWC Wage Order No. 5.

60.    DEFENDANTS have violated Labor Code § 226.7 and IWC Wage Order No. 5, by failing to pay PLAINTIFF, and similarly situated current and former employees of DEFENDANTS, one (1) hour of pay at their regular rate of pay for each work day rest periods were required but not provided.

61.    PLAINTIFF, on behalf of himself and similarly situated current and former employees of DEFENDANTS, requests reliefs as described below.

11

## FOURTH CAUSE OF ACTION

*(Failure to Provide Accurate/Itemized Wage Statements)*

62.    PLAINTIFF realleges and incorporates the above allegations by reference.

63.    As a pattern and practice, DEFENDANTS failed to furnish PLAINTIFF, and similarly situated current and former employees of DEFENDANTS, an accurate itemized statement in writing showing all gross wages earned, including the premium compensation for any denied rest breaks at the applicable hourly rates of PLAINTIFF, and similarly situated current and former employees of DEFENDANTS.

64.    The wage statements are not accurate in that they do not reflect all actual hours worked, including all overtime hours worked.  The wage statements do not reflect the required compensation for missed or improper rest periods.

65.    As such, PLAINTIFF, and similarly situated current and former employees of DEFENDANTS, are entitled to payment from DEFENDANTS of the greater of actual damages or $50.00 for the initial pay period in which the violation occurred, and $100.00 for each subsequent violation, up to a maximum of $4000.00, pursuant to Labor Code § 226, as well as reasonable attorney's fees and costs of suit.

66.    PLAINTIFF, on behalf of himself and similarly situated current and former employees of DEFENDANTS, requests reliefs as described below.

## FIFTH CAUSE OF ACTION

*(Labor Code §§ 201-203- Waiting Time Penalties)*

67.    PLAINTIFF realleges and incorporates by reference the paragraphs above paragraphs.

68.    California Labor Code § 201 requires an employer who discharges an employee to pay all compensation due to that employee immediately upon discharge.

12

69.    California Labor Code § 202 requires an employer to pay all compensation due to employees who quit within 72 hours of that employee quitting, unless the employee provides at least 72 hours' notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

70.    Labor Code § 203 provides that if an employer willfully fails to pay compensation as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

71.    DEFENDANTS willfully failed and refused to timely pay compensation and wages, including unpaid wages and overtime compensation, to PLAINTIFF, and other separated employees of DEFENDANTS, at the end of their employment.

72.    As a result, DEFENDANTS are liable to PLAINTIFF, and other separated employees of DEFENDANTS, for waiting time penalties, together with interest thereon, under Labor Code § 203.

73.    PLAINTIFF, on behalf of himself and other separated employees of DEFENDANTS, requests reliefs as described below.

## SIXTH CAUSE OF ACTION

*(Civil Penalties Pursuant to Private Attorney General Act)*

74.    PLAINTIFF realleges and incorporates the above allegations by reference.

75.    Pursuant the foregoing violations of statutes and regulations permit PLAINTIFF to recover civil penalties through this action. The PAGA imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for initial violations, and two hundred ($200) per pay period per aggrieved employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

13

76.     DEFENDANTS' violations of California wage and hour laws enable PLAINTIFF to recover civil penalties as aggrieved employee on behalf of himself and other current and former employees of DEFENDANTS.

77.     PLAINTIFF has complied with the procedural requirements specified in Labor Code §2699.3. PLAINTIFF has therefore exhausted all administrative procedures required under Labor Code §§2698, 2699 and 2699.3, and are justified as a matter of right in bringing forward this cause of action.

78.     On July 17, 2019, PLAINTIFF, through counsel, pursuant to the PAGA, sent via certified mail a letter-notice of violations to the LWDA, as required by Labor Code §2699.3. A copy of this letter-notice is attached to this Complaint as Exhibit "A."

79.     Sixty-five (65) calendar days have passed since the postmark date of PLAINTIFF'S notices and the LWDA has not notified PLAINTIFF'S counsel that it does not intend to investigate the allegations. Pursuant to Labor Code §2699.3 (a)(2)(A), PLAINTIFF may commence a civil action pursuant to Labor Code §2699.

80.     As a result of DEFENDANTS' violation of numerous provisions of the Labor Code, PLAINTIFF seeks all civil penalties, reasonable attorney's fees and costs available pursuant to Labor Code §2699.

81.     PLAINTIFF is likely to have evidentiary support, after research and reasonable opportunity for further investigation and discovery, to further prove penalties and violations. PLAINTIFF will amend this complaint if appropriate and required to seek all applicable penalties for violations which the LWDA has failed to investigate and/or failed to issue a citation.

82.     Pursuant to Labor Code §2699(i), PLAINTIFF, as aggrieved employee on behalf of himself and other current and former employees of DEFENDANTS, should be awarded twenty-five

14

percent (25%) of all penalties due under California law, interest, attorneys' fees and costs. The LWDA should be awarded seventy-five percent (75%) of the penalties due and awarded.

## SEVENTH CAUSE OF ACTION

*(Business and Professions Code § 17200 et seq. violations.)*

83.     California Business and Professions Code § 17200 et. seq. prohibits acts of unfair competition including any "unlawful and unfair business practices."

84.     The conduct of DEFENDANTS, as alleged herein, has been and continues to be unfair, unlawful, and deleterious to PLAINTIFF and similarly situated current and former employees, and to the general public.

85.     PLAINTIFF hereby seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5. PLAINTIFF is a "person" within the meaning of Business and Professions Code § 17204 and therefore have standing to bring this suit for injunctive relief and restitution.

86.     The prompt and proper payment of wages is a fundamental public policy of the State of California. It is also the public policy of the State to enforce minimum labor standards ensuring that employees are not required or permitted to work under substandard and unlawful conditions and to protect those employers who comply with the law from losing competitive advantage to other employers that fail to comply with labor standards and requirements.

87.     Through the conduct alleged herein, DEFENDANTS acted contrary to these public policies and have thus engaged in unlawful and/or unfair business practices in violation of Business and Professions Code §§ 17200 et. seq. depriving PLAINTIFF, and similarly situated current and former employees of DEFENDANTS, the rights, benefits, and privileges guaranteed to employees under California law.

15

88.    Beginning at an exact date unknown to PLAINTIFF, but at least four years prior to the filing of this action, DEFENDANTS have committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Cal. Business & Professions Code § 17200, by engaging in the following:

a)  Failing to pay all overtime worked, to PLAINTIFF, and similarly situated current and former employees of DEFENDANTS;

b)  Failing to pay all hours worked, to PLAINTIFF, and similarly situated current and former employees of DEFENDANTS;

c)  Failing and refusing to authorize and permit proper rest breaks to PLAINTIFF, and similarly situated current and former employees of DEFENDANTS;

d)  Failing to pay all accrued rest break compensation to PLAINTIFF, and similarly situated current and former employees of DEFENDANTS;

e)  Failing to provide accurate itemized wage statements to PLAINTIFF, and similarly situated current and former employees of DEFENDANTS;

f)  Failing to pay all wages owed to PLAINTIFF, and similarly situated current and former employees of DEFENDANTS, at the end of their employment; and

89.    By engaging in these business practices, which are unfair and unlawful within the meaning of Business and Professions Code §§ 17200 et. seq., DEFENDANTS harm PLAINTIFF, similarly situated current and former employees of DEFENDANTS, and the general public, and have gained an unfair competitive edge.

90.    Under Business and Professions Code § 17203, PLAINTIFF is entitled to obtain restitution on behalf of himself and others similarly affected by the unfair and/or unlawful business practices as set forth herein.

91.    Pursuant to Business and Professions Code § 17202, PLAINTIFF is entitled to specific reliefs enforcing the penalty provisions of various Labor Code sections for himself and for members of

16

the general public in amounts to be proven at trial. Failure to enforce the penalties due would result in the unlawful enrichment of DEFENDANTS and would promote unfair competition.

92.     Pursuant to Business & Professions Code § 17203, injunctive relief is necessary to prevent DEFENDANTS from continuing to engage in the unfair business practices as alleged herein.

93.     PLAINTIFF alleges, on information and beliefs, that DEFENDANTS, and persons acting in concert with them, have committed and will continue to commit the above-described unlawful and/or unfair acts unless restrained or enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result. PLAINTIFF and other interested persons have no plain, speedy, or adequate remedy at law, in that pecuniary compensation alone would not afford adequate and complete relief. The above-described acts will cause great and irreparable damage to PLAINTIFF and other interested persons unless DEFENDANTS are restrained from committing further illegal acts.

94.     PLAINTIFF' success in this action will result in the enforcement of important rights affecting the public and will confer a significant benefit upon the general public. Private enforcement of the rights enumerated in this Complaint are necessary, as public agencies have only sought limited enforcement of those rights, if any. The named PLAINTIFF individually, and by and through counsel, is incurring a financial burden in pursuing this action on behalf of the general public. PLAINTIFF seeks to enjoin the above-referenced unlawful actions under California's Labor Code Industrial Welfare Commission Wage Orders. Therefore, PLAINTIFF seeks an award of attorneys' fees and costs of suit on this action pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws.

## VII.  PRAYER

WHEREFORE, PLAINTIFF on his own behalf and on the behalf of the members of the class, prays for judgment as follows:

1.   For an order certifying the proposed class;

2.   For compensatory and consequential damages;

17

CLASS ACTION COMPLAINT

3.  Prejudgment interest pursuant to Labor Code § 218.6 accrued on all due and unpaid wages from the date that wages were due and payable, according to proof;

4.  Pursuant to IWC Wage Order No. 5, and Labor Code §§ 204, and 1194(a), an award in the

amount of unpaid wages, owed by DEFENDANTS for the four years preceding the filing of this complaint, plus interest.

5.  Compensation of one hour at the regular rate of pay for each rest period denied in violation of Labor Code § 226.7 and IWC Wage Order No. 5, according to proof;

6.  Waiting time penalties pursuant to Labor Code §§ 201-203;

7.  Pursuant to Business & Professions Code § 17203, an award of restitution for the unjustly amounts earned or retained DEFENDANTS by virtue of their engaging in unlawful conduct, according to proof;

8.  For civil penalties provided for in Labor Code § 1199 for violation IWC Wage Order No. 5. §13 (A);

9.  An award of twenty-five percent (25%) of all penalties due under California law, interest, attorneys' fees and costs to PLAINTIFF as aggrieved employee on behalf of himself and other current and former employees of DEFENDANTS, pursuant to Labor Code §2699(i) and an award of seventy-five percent (75%) of the penalties in favor of the LWDA; and

10. Such other and further relief as the Court deems just and proper.

CLASS ACTION COMPLAINT

Dated: February 4, 2020                     LIBERATION LAW GROUP, P.C.


By: _____
                                            Arlo Garcia Uriarte
                                            Un Kei Wu
                                            Attorneys for PLAINTIFF

## VIII. DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a trial by jury.


DATED: February 4, 2020                     LIBERATION LAW GROUP, P.C.


By: _____
                                            Arlo Garcia Uriarte
                                            Un Kei Wu
                                            Attorneys for PLAINTIFF

19

# EXHIBIT A

**Attorneys:**
Arlo García Uriarte
Un Kei Wu
Ernesto Sánchez
Daniel P. Iannitelli
Nick Aguilar, Adm. in Fla.


**LIBERATION**
**LAW GROUP, P.C.**

**Legal Assistants:**
Andrea Ortiz
Lorenzo Barrera Cruz
Ivette Olguin
Vicent Uriarte
Crystina Arreola-Nunez
Mariana Toledo Segarra

---

2760 Mission Street · San Francisco, CA 94110 · 415 695-1000

July 17, 2019

**VIA ONLINE SUBMISSION**

Labor & Workforce Development Agency
Attn. PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

Re:    *Salvador Rosales v Benihana National Corp and Benihana, Inc.*
       Notice of Violations

Dear PAGA Administrator:

Pursuant to the Private Attorneys General Act of 2004, attached is a list of violations relevant to this action. Further investigation and discovery may result in shedding light to further violations. Please consider this letter and the attached as the notice required by California Labor Code Section 2699.3.

Pursuant to Labor Code 2699(a), Plaintiff Salvador Rosales hereby apply to recover through civil action on behalf of himself and other current and former aggrieved employees.

Very truly yours,

LIBERATION LAW GROUP, P.C.

Arlo Uriarte

w/enclosures
///
///
///
///

*Liberation Law Group P.C.*
*Rosales Notice of Violations*
*July 17, 2019*

## Benihana National Corp. and Benihana, Inc.

### Labor Code 2699 Notice of Violations

On or about November 14, 2013, Salvador Rosales started to work for Benihana National Corp, Inc. (hereinafter "Defendant"). He worked at the Benihana restaurant located in San Francisco, California. Mr. Rosales worked approximately six days a week as a preparation cook. His supervisors were Jeff (last name unknown) or Virginia (last name unknown).

Instructed by his supervisors, Mr. Rosales was required to arrive approximately ten (10) minutes before his scheduled shift time to change into an uniform, which consisted of a shirt with the restaurant logo, apron and chef hat. At the end of Mr. Rosales's scheduled shift, Mr. Rosales had to clock out before removing his uniform. It took Mr. Rosales on average ten (10) minutes to remove his uniform and leave the restaurant. Mr. Rosales was not compensated for time spent change into and out of his uniform.

Mr. Rosales worked more than eight hours in one day and/or worked more than forty hours in one workweek and Defendant failed to compensate Mr. Rosales overtime pay for his overtime hours.

Sometimes, Mr. Rosales worked seven straight days in one workweek. Defendant failed to compensate Mr. Rosales at his corresponding overtime rate for the first eight hours of work on the seventh consecutive day of the workweek.

Defendant has no policy or practice to provide its employees with rest breaks. During the course of Mr. Rosales' employment, Defendants failed and refused to authorize and permit Mr. Rosales to take 10-minute rest periods for every four hours worked, or major fraction thereof.

Defendant never paid Mr. Rosales one hour of pay at his regular rate of pay for each work day rest breaks were required but not provided.

Defendant failed to provide Mr. Rosales accurate itemized wage statements. the wage statement of Mr. Rosales failed to reflect the rest break premium pay Mr. Rosales was owed.

In or around March 29, 2019, Defendant terminated the employment of Mr. Rosales. Defendant failed to pay all wages due to Mr. Rosales upon his termination.

**Mr. Rosales is informed and believes that other current and former aggrieved employees of Defendant were subjected to the same wage and hour violations as Mr. Rosales noted herein. Pursuant to Labor Code § 2698, Mr. Rosales, on behalf of himself and all current and former aggrieved employees of Defendant, seek to recover civil penalties against Defendant for Labor Code violations pursuant to, but not limited to:**

*Liberation Law Group P.C.*
*Rosales Notice of Violations*
*July 17, 2019*

Defendants failed to pay Mr. Rosales for all hours worked in violation of Labor Code §§ 1194 and 1197. Defendants violated section 4 of the Industrial Welfare Commission Wage Order 5 by failing to pay Mr. Rosales all hours worked at least at the minimum wage rate.

Violations to Labor Code § 1194 - penalties pursuant to Labor Code §2699(f); violation to Labor Code § 1197 – penalties pursuant to Labor Code §§ 1197.1, 558, and 2699(f); violations to Wage Order 5 section 4 – penalties pursuant to § 20 of Wage Order 5.

By requiring Mr. Rosales to work overtime and not properly compensating him for overtime hours worked, Defendant violated Labor Code §§ 510 and 1194, and section 3 of the Industrial Welfare Commission Wage Order 5 by failing to pay Plaintiff for all overtime hours worked at one and one half times his regular rate of pay.

Violations to Labor Code § 510 – penalties pursuant to Labor Code §§ 558 and 2699(f); violations to Labor Code § 1194 - penalties pursuant to Labor Code §2699(f); violations to Wage Order 5 section 3 – penalties pursuant to § 20 of Wage Order 5.

Defendant violated Labor Code §§ 226.7(a) and 512, and section 12 of the Industrial Welfare Commission Wage Order 5, by failing to authorize and provide Mr. Rosales with proper rest breaks and then failing to provide Mr. Rosales the required one-hour compensation when rest breaks are not properly provided.

Violations to Labor Code § 226.7(a) - penalties pursuant to § 2699(f); violations to Labor Code § 512 - penalties pursuant to §§ 558 and 2699(f); violations to section 12 of IWC Order 5 - penalties pursuant to § 20 of IWC Order 5.

Defendant violated Labor Code § 226(a) and Wage Order 5 section 7 by failing to provide Mr. Rosales with accurate itemized wage that informed the premium penalties for improper rest periods.

Violations to Labor Code § 226(a) – penalties pursuant to §§ 226(e), 226.3, and 2699(f); violations to IWC Order 5 section 7 – penalties pursuant to § 20 of IWC Order

Defendant violated Labor Code §§ 201 through 203 by failing to pay Mr. Rosales all wages and compensation owed within 72 hours of his separation date.

Violations to Labor Code §§ 201 through 203 - penalties pursuant to Labor Code section 2699(f).

# EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

*PM-1205*
*5-13-20*
*11AM*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BENIHANA NATIONAL CORP., BENIHANA, INC. and DOES 1
through 10, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SALVADOR ROSALES, on behalf of himself, on behalf of others
similarly situated and the general public.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California | CASE NUMBER:<br>*(Número del Caso):* C-20-582696 |
|---|---|

County of San Francisco, 400 McAllister Street, San Francisco, CA
94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Arlo Uriarte, Liberation Law Group, P.C., 2760, Mission Street, San Francisco, CA 94110. (415)695-1000

| DATE:<br>*(Fecha)* FEB 04 2020 | CLERK OF THE Clerk, by<br>*(Secretario)* KALENE APOLONIA | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Benihana, Inc.

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Arlo García Uriarte, SBN 231764
Un Kei Wu, SBN 270058
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006

Attorneys for PLAINTIFF
SALVADOR ROSALES

ENDORSED
FILED
San Francisco County Superior Court

FEB 04 2020

CLERK OF THE COURT
BY: KALENE APOLONIO
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| SALVADOR ROSALES, on behalf of himself, on behalf of others similarly situated and the general public,<br><br>PLAINTIFF,<br><br>v.<br><br>BENIHANA NATIONAL CORP., BENIHANA, INC. and DOES 1 through 10, inclusive.<br><br>DEFENDANTS. | Case No.: CGC-20-582696<br><br>**CLASS ACTION COMPLAINT**<br><br>**(1) OVERTIME COMPENSATION**<br>**(2) UNPAID WAGES**<br>**(3) REST PERIOD VIOLATIONS**<br>**(4) WAGE STATEMENTS**<br>**(5) WAITING TIME PENALTIES**<br>**(6) PRIVATE ATTORNEY GENERAL ACT (Labor Code §§2699, et seq.)**<br>**(7) UNFAIR COMPETITION IN VIOLATION OF CAL. BUSINESS AND PROFESSIONS CODE §§ 17200 ET. SEQ**<br><br>**JURY TRIAL DEMANDED** |

1

1.     PLAINTIFF SALVADOR ROSALES (hereinafter "PLAINTIFF"), submits this Complaint on behalf of himself and other similar situated, against BENIHANA NATIONAL CORP., and BENIHANA, INC., and DOES 1-10 (hereinafter "DOES") (collectively "DEFENDANTS"). The allegations below are made on PLAINTIFF'S information and beliefs:

## I.     INTRODUCTION

2.     This class action is for the purpose of prosecuting claims under California Labor Code §§ 201-204, 226.7, 510, 512, 1174, and 2699, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission ("IWC").

3.     This complaint challenges systemic illegal employment practices by DEFENDANTS resulting in violations of the California Labor Code, Business and Professions Code and the applicable IWC Wage Order.

4.     The Private Attorney General Act of 2004 ("PAGA") codified in Cal. Labor Code § 2698, et seq. allows a private citizen to pursue civil penalties on behalf of the State of California Labor and Workforce Development Agency ("LWDA"). The aggrieved employee is allowed to seek civil penalties not only for violations that he or she personally suffered but also for violations of "other current or former employees" pursuant to Cal. Labor Code § 2699(a).

5.     PLAINTIFF is informed and believes and based thereon allege DEFENDANTS have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and the applicable IWC Wage Order by creating and maintaining policies, practices and customs that knowingly deny employees, such as PLAINTIFF and putative class members: (1) overtime compensation, (2) compensation for unpaid wages (minimum wage) (3) compensation for denied rest breaks, (4) accurate, itemized wage statements, (5) waiting time penalties,

2

(6) Private Attorney General Act (Labor Code §§2699, et seq.), and (7) unfair competition in violation of Cal. Business and Professions Code §§ 17200 ET. SEQ.

6.      The policies, practices and customs of DEFENDANTS described above and below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code and Industrial Welfare Commission ("IWC").

## II.    JURISDICTION AND VENUE

7.      The Court has jurisdiction over the violations of the California Labor Code §§ §§ 201-204, 223, 226.7, 510, 512, 1174, 1194, and 2699, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 5.

8.      Jurisdiction is proper in this Court because alleged damages exceed Twenty-five Thousand Dollars ($25,000.00). PLAINTIFF meets the requirements of C.C.P. § 382 to bring this action because, among other reasons, the question is one of common or general interest, is a question of many persons and/or the parties are numerous and it is impracticable to bring them all before the Court.

9.      Venue is proper because DEFENDANTS' principal place of business is located within the county of San Francisco. PLAINTIFF worked for DEFENDANTS in the county of San Francisco.

## III.    PARTIES

10.    PLAINTIFF is a competent individual who was formerly employed by DEFENDANTS as full-time or part-time employee who received hourly wages.

11.    DEFENDANT BENIHANA NATIONAL CORP. is a Delaware corporation doing business in the State of California as Benihana.

12.    DEFENDANT BENIHANA, INC. is a Delaware corporation doing business in the State of California as Benihana.

3

13.    DEFENDANTS were joint employers of PLAINTIFF and other employees similarly situated during the relevant class claim period.

14.    At all times herein mentioned DEFENDANTS and DOES 1 through 10, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. DEFENDANTS own and operate an industry, business and establishment throughout California. As such, and based upon all the facts and circumstances incident to DEFENDANTS' business in California, DEFENDANTS are subject to California laws that regulate the employment and working conditions of employees in California, including California Labor Code §§ 201-204, 223, 226.7, 510, 512, 1174, 1194, and 2699, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 5.

15.    PLAINTIFF does not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 10, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and PLAINTIFF prays leave to amend this complaint when the true names and capacities are known.

16.    PLAINTIFF is informed and believes and thereon alleges that each of said fictitious DEFENDANTS was responsible in some way for the matters alleged herein and proximately caused PLAINTIFF and members of the class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

#### IV.    STATEMENT OF FACTS

17.    DEFENDANTS own and operate Benihana in San Francisco, California.

18.    PLAINTIFF was hired by DEFENDANTS from November 14, 2013 to March 28, 2019. PLAINTIFF worked for DEFENDANTS as a preparation cook.

4

19.    The class period ("CLASS PERIOD") is four years from the filing of this action, through the entry of final judgment in this action.

20.    PLAINTIFF was a non-exempt hourly employee for DEFENDANTS.

21.    During the course of his employment, PLAINTIFF worked for DEFENDANTS approximately five (5) to six (6) days per week.

22.    During the course of his employment PLAINTIFF regularly worked on shifts that ranged from approximately five and half (5.5) to eight (8) hours per day.

23.    Instructed by supervisors, PLAINTIFF and similarly situated current and former employees were required to arrive approximately ten (10) minutes before their scheduled shift to change into DEFENDANTS' uniform. At the end of their scheduled shift, PLAINTIFF and similarly situated current and former employees had to clock out before removing their uniform. It took PLAINTIFF and similarly situated current and former employees on average ten (10) minutes to remove their uniform and leave the restaurant. PLAINTIFF, and similarly situated current and former employees were not compensated for time spent changing into and out of their uniform. PLAINTIFF and similarly situated current and former employees were not allowed to take their uniforms home.

24.    When PLAINTIFF and similarly situated current and former employees worked more than eight hours in one day and/or worked more than forty hours in one workweek DEFENDANTS failed to compensate PLAINTIFF, and similarly situated current and former employees for all their overtime hours accumulated due to off-the-clock time they spent dressing and undressing with DEEFENDANTS' uniform.

25.    During the course of his employment, PLAINTIFF and similarly situated current and former employees worked for periods of more than four (4) hours without a rest period of ten (10) minutes. For instance, during PLAINTIFF was assigned tasks that consisted of a heavy workload that

5

he was required to finish, and therefore, he was expected to prioritize finishing his tasks over taking breaks.

26.    PLAINTIFF, and similarly situated current and former employees, were not compensated one hour of their regular rate of pay for each time they are not provided rest breaks.

27.    During the CLASS PERIOD, DEFENDANTS failed to establish and/or enforce a rest break policy.

28.    DEFENDANTS did not have a payroll system and practice in place that compensates employees one (1) hour premium for denied or improper rest breaks.

29.    DEFENDANTS have failed to deliver accurate itemized wage statements of all wages earned by PLAINTIFF, and similarly situated current and former employees. The wage statements are not accurate in that they do not reflect the required compensation for all hours and minutes worked and denied or improper rest breaks.

30.    PLAINTIFF, and similarly situated current and former employees, were not able to ascertain if they were compensated for denied or improper and rest breaks.

31.    PLAINTIFF, and similarly situated current and former employees, are owed waiting time penalties because upon their separation, they were not paid all the money and compensations owed to them including wages, overtime compensation, and rest period compensation.

## V.  CLASS ACTION ALLEGATIONS

32.    PLAINTIFF brings this action on behalf of himself and a putative class of similarly situated employees pursuant to California Code of Civil Procedure § 382. The class is defined as: "All current and former hourly or non-exempt employee's of DEFENDANTS who worked in the State of California at any time from four years from the date of the filing of this action through the entry of final judgment in this action."

6

33.     **NUMEROSITY AND ASCERTAINABILITY:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. PLAINTIFF is informed and believes that there are over one hundred (100) employees working for DEFENDANTS in California at any one time. The identity of putative class members is readily ascertainable by review of DEFENDANTS' records. Notice can be provided to DEFENDANTS' employees using techniques and a form of notice similar to those customarily used in class action lawsuits.

34.     PLAINTIFF is informed, believes, and based thereon alleges that DEFENDANTS' employees are denied:

a) Compensation for overtime worked;

b) Compensation for all hours worked;

c) Missed or improper rest period compensation;

d) Accurate itemized wage statements; and

e) Waiting time penalties.

35.     **ADEQUACY OF REPRESENTATION**: PLAINTIFF is member of the putative class. PLAINTIFF does not have any conflicts of interest with other putative class members and will prosecute the case vigorously on behalf of the putative class. PLAINTIFF will fairly and adequately represent and protect the interests of putative class members. PLAINTIFF'S counsel is competent and experienced in litigating wage and hour class actions.

36.     **SUPERIORITY OF CLASS ACTION**: A class action is superior to all other available means of fair and efficient adjudication of this controversy. Individual joinder of all putative class members is not practicable, and questions of law and fact common to the putative class predominate over any questions affecting only individual members of the class. DEFENDANTS' employees have been damaged and are entitled to recovery by reason of DEFENDANTS' unlawful policies and/or practices described herein. Because the damages suffered by individual putative class members may be

7

relatively small, albeit significant, the expense and burden of individual litigation make it impractical for most putative class members to seek individual redress for the wrongful conduct alleged. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

37.     The Labor Code and IWC Wage Order No. 5, are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic conditions and bargaining power in setting onerous terms and conditions of employment.

38.     The nature of this action and the format of laws available to PLAINTIFF and members of the putative class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual PLAINTIFF with their vastly superior financial and legal resources. Requiring each putative class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

39.     The prosecution of separate actions by individual putative class members, even if possible, would create a substantial risk of: (a) Inconsistent or varying adjudications with respect to individual putative class members against the DEFENDANTS, which would establish potentially incompatible standards of conduct for the DEFENDANTS; and/or (b) Adjudications with respect to individual putative class members which would, as a practical matter, be dispositive of the interest of the other putative class members not parties to the adjudications, or which would substantially impair

or impede the ability of DEFENDANTS' aggrieved employees to protect their interests. Further, the claims of the individual members of the putative class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

40.    **COMMON QUESTION OF LAW AND FACT:** There are questions of law and fact common to putative class members that predominate over any questions affecting only individual members of the class. These common questions of law and fact include:

41.    Whether DEFENDANTS have failed to pay employees wages for all overtime worked:

42.    Whether DEFENDANTS have failed to pay employees wages for all hours worked;

43.    Whether DEFENDANTS have failed to provide compensation to employees who were not provided rest periods in accordance with applicable law;

44.    Whether wage statements provided to DEFENDANTS' employees are adequate under applicable law, and whether employees are entitled to receive statutory penalties from DEFENDANTS for each wage statement violation committed;

45.    Whether DEFENDANTS willfully failed to pay all wages due to DEFENDANTS' employees who were discharged or quit, and whether such employees are entitled to receive statutory penalties from DEFENDANTS for each violation committed; and

46.    **TYPICALITY:** PLAINTIFF'S claims are typical to the claims of all members of the putative class. PLAINTIFF is member of the putative class and has suffered the alleged, class-wide violations described herein.

## VI.  DAMAGES

47.    As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, PLAINTIFF and similarly situated current and former employees are owed, among other things, payments for all hours worked, missed or improper rest periods plus interest, waiting time penalties under Labor Code §

9

Case 3:20-cv-03903-LB    Document 1    Filed 06/12/20    Page 48 of 96

203, and other statutory penalties in an amount that exceeds $25,000, the precise amount of which will be proven at trial.

## FIRST CAUSE OF ACTION

### *(Unpaid Overtime Compensation)*

48.     PLAINTIFF realleges and incorporates the above allegations by reference.

49.     Pursuant to the IWC Wage Order No. 5 and Cal. Labor Code §§ 500, 510, and 1194, PLAINTIFF and similarly situated current and former employee are owed overtime compensation for all overtime hours. DEFENDANTS were required to compensate PLAINTIFF, and similarly situated employees of DEFENDANTS, for all their overtime worked.

50.     During the class CLAIM PERIOD, DEFENDANTS failed to compensate PLAINTIFF, and similarly situated current and former employees of DEFENDANTS, for all overtime worked.

51.     As a result of DEFENDANTS' unlawful time recording policy, PLAINTIFF and similarly situated current and former employees have been deprived overtime compensation in an amount determined at trial, and are entitled to recovery of such amounts, plus interest thereon, under Labor Code § 1194.

52.     PLAINTIFF, on behalf of himself and similarly situated current and former employees of DEFENDANTS, requests reliefs as described below.

## SECOND CAUSE OF ACTION

### *(Unpaid Wages)*

53.     PLAINTIFF realleges and incorporates the above allegations by reference.

54.     Pursuant to Labor Code §§ 1194 and 1194.2 and IWC Wage Order No. 5, notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage for any work performed is entitled to recover the unpaid balance of the full amount of

10

CLASS ACTION COMPLAINT

this minimum wage, liquidated damages, including interest thereon, reasonable attorney's fees, and costs of suit.

55.    DEFENDANTS have failed to pay PLAINTIFF and putative class members for all hours worked at least at minimum wage because of their unlawful rounding policy.

56.    PLAINTIFF, on behalf of himself and other separated employees of DEFENDANTS, requests reliefs as described below

## THIRD CAUSE OF ACTION

*(Failure to Pay Compensation for Missed & Improper Rest Periods)*

57.    PLAINTIFF realleges and incorporates the above allegations by reference.

58.    Pursuant to Labor Code § 226.7(a) and IWC Wage Order No. 5, DEFENDANTS are required to authorize and permit PLAINTIFF, and similarly situated current and former employees of DEFENDANTS, the opportunity to take rest periods based upon total hours worked, at a rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof, with no deduction from wages.

59.    DEFENDANTS failed and refused to authorize and permit PLAINTIFF, and similarly situated current and former employees of DEFENDANTS, ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof, in violation of Labor Code § 226.7(a) and IWC Wage Order No. 5.

60.    DEFENDANTS have violated Labor Code § 226.7 and IWC Wage Order No. 5, by failing to pay PLAINTIFF, and similarly situated current and former employees of DEFENDANTS, one (1) hour of pay at their regular rate of pay for each work day rest periods were required but not provided.

61.    PLAINTIFF, on behalf of himself and similarly situated current and former employees of DEFENDANTS, requests reliefs as described below.

11

## FOURTH CAUSE OF ACTION

*(Failure to Provide Accurate/Itemized Wage Statements)*

62.     PLAINTIFF realleges and incorporates the above allegations by reference.

63.     As a pattern and practice, DEFENDANTS failed to furnish PLAINTIFF, and similarly situated current and former employees of DEFENDANTS, an accurate itemized statement in writing showing all gross wages earned, including the premium compensation for any denied rest breaks at the applicable hourly rates of PLAINTIFF, and similarly situated current and former employees of DEFENDANTS.

64.     The wage statements are not accurate in that they do not reflect all actual hours worked, including all overtime hours worked. The wage statements do not reflect the required compensation for missed or improper rest periods.

65.     As such, PLAINTIFF, and similarly situated current and former employees of DEFENDANTS, are entitled to payment from DEFENDANTS of the greater of actual damages or $50.00 for the initial pay period in which the violation occurred, and $100.00 for each subsequent violation, up to a maximum of $4000.00, pursuant to Labor Code § 226, as well as reasonable attorney's fees and costs of suit.

66.     PLAINTIFF, on behalf of himself and similarly situated current and former employees of DEFENDANTS, requests reliefs as described below.

## FIFTH CAUSE OF ACTION

*(Labor Code §§ 201-203- Waiting Time Penalties)*

67.     PLAINTIFF realleges and incorporates by reference the paragraphs above paragraphs.

68.     California Labor Code § 201 requires an employer who discharges an employee to pay all compensation due to that employee immediately upon discharge.

12

69.     California Labor Code § 202 requires an employer to pay all compensation due to employees who quit within 72 hours of that employee quitting, unless the employee provides at least 72 hours' notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

70.     Labor Code § 203 provides that if an employer willfully fails to pay compensation as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

71.     DEFENDANTS willfully failed and refused to timely pay compensation and wages, including unpaid wages and overtime compensation, to PLAINTIFF, and other separated employees of DEFENDANTS, at the end of their employment.

72.     As a result, DEFENDANTS are liable to PLAINTIFF, and other separated employees of DEFENDANTS, for waiting time penalties, together with interest thereon, under Labor Code § 203.

73.     PLAINTIFF, on behalf of himself and other separated employees of DEFENDANTS, requests reliefs as described below.

**SIXTH CAUSE OF ACTION**

*(Civil Penalties Pursuant to Private Attorney General Act)*

74.     PLAINTIFF realleges and incorporates the above allegations by reference.

75.     Pursuant the foregoing violations of statutes and regulations permit PLAINTIFF to recover civil penalties through this action. The PAGA imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for initial violations, and two hundred ($200) per pay period per aggrieved employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

13

76.    DEFENDANTS' violations of California wage and hour laws enable PLAINTIFF to recover civil penalties as aggrieved employee on behalf of himself and other current and former employees of DEFENDANTS.

77.    PLAINTIFF has complied with the procedural requirements specified in Labor Code §2699.3.  PLAINTIFF has therefore exhausted all administrative procedures required under Labor Code §§2698, 2699 and 2699.3, and are justified as a matter of right in bringing forward this cause of action.

78.    On July 17, 2019, PLAINTIFF, through counsel, pursuant to the PAGA, sent via certified mail a letter-notice of violations to the LWDA, as required by Labor Code §2699.3.  A copy of this letter-notice is attached to this Complaint as Exhibit "A."

79.    Sixty-five (65) calendar days have passed since the postmark date of PLAINTIFF'S notices and the LWDA has not notified PLAINTIFF'S counsel that it does not intend to investigate the allegations. Pursuant to Labor Code §2699.3 (a)(2)(A), PLAINTIFF may commence a civil action pursuant to Labor Code §2699.

80.    As a result of DEFENDANTS' violation of numerous provisions of the Labor Code, PLAINTIFF seeks all civil penalties, reasonable attorney's fees and costs available pursuant to Labor Code §2699.

81.    PLAINTIFF is likely to have evidentiary support, after research and reasonable opportunity for further investigation and discovery, to further prove penalties and violations. PLAINTIFF will amend this complaint if appropriate and required to seek all applicable penalties for violations which the LWDA has failed to investigate and/or failed to issue a citation.

82.    Pursuant to Labor Code §2699(i), PLAINTIFF, as aggrieved employee on behalf of himself and other current and former employees of DEFENDANTS, should be awarded twenty-five

14

percent (25%) of all penalties due under California law, interest, attorneys' fees and costs. The LWDA should be awarded seventy-five percent (75%) of the penalties due and awarded.

## SEVENTH CAUSE OF ACTION

*(Business and Professions Code § 17200 et seq. violations.)*

83.      California Business and Professions Code § 17200 et. seq. prohibits acts of unfair competition including any "unlawful and unfair business practices."

84.      The conduct of DEFENDANTS, as alleged herein, has been and continues to be unfair, unlawful, and deleterious to PLAINTIFF and similarly situated current and former employees, and to the general public.

85.      PLAINTIFF hereby seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5. PLAINTIFF is a "person" within the meaning of Business and Professions Code § 17204 and therefore have standing to bring this suit for injunctive relief and restitution.

86.      The prompt and proper payment of wages is a fundamental public policy of the State of California. It is also the public policy of the State to enforce minimum labor standards ensuring that employees are not required or permitted to work under substandard and unlawful conditions and to protect those employers who comply with the law from losing competitive advantage to other employers that fail to comply with labor standards and requirements.

87.      Through the conduct alleged herein, DEFENDANTS acted contrary to these public policies and have thus engaged in unlawful and/or unfair business practices in violation of Business and Professions Code §§ 17200 et. seq. depriving PLAINTIFF, and similarly situated current and former employees of DEFENDANTS, the rights, benefits, and privileges guaranteed to employees under California law.

15

88.     Beginning at an exact date unknown to PLAINTIFF, but at least four years prior to the filing of this action, DEFENDANTS have committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Cal. Business & Professions Code § 17200, by engaging in the following:

a)  Failing to pay all overtime worked, to PLAINTIFF, and similarly situated current and former employees of DEFENDANTS;

b)  Failing to pay all hours worked, to PLAINTIFF, and similarly situated current and former employees of DEFENDANTS;

c)  Failing and refusing to authorize and permit proper rest breaks to PLAINTIFF, and similarly situated current and former employees of DEFENDANTS;

d)  Failing to pay all accrued rest break compensation to PLAINTIFF, and similarly situated current and former employees of DEFENDANTS;

e)  Failing to provide accurate itemized wage statements to PLAINTIFF, and similarly situated current and former employees of DEFENDANTS;

f)  Failing to pay all wages owed to PLAINTIFF, and similarly situated current and former employees of DEFENDANTS, at the end of their employment; and

89.     By engaging in these business practices, which are unfair and unlawful within the meaning of Business and Professions Code §§ 17200 et. seq., DEFENDANTS harm PLAINTIFF, similarly situated current and former employees of DEFENDANTS, and the general public, and have gained an unfair competitive edge.

90.     Under Business and Professions Code § 17203, PLAINTIFF is entitled to obtain restitution on behalf of himself and others similarly affected by the unfair and/or unlawful business practices as set forth herein.

91.     Pursuant to Business and Professions Code § 17202, PLAINTIFF is entitled to specific reliefs enforcing the penalty provisions of various Labor Code sections for himself and for members of

16

the general public in amounts to be proven at trial. Failure to enforce the penalties due would result in the unlawful enrichment of DEFENDANTS and would promote unfair competition.

92.    Pursuant to Business & Professions Code § 17203, injunctive relief is necessary to prevent DEFENDANTS from continuing to engage in the unfair business practices as alleged herein.

93.    PLAINTIFF alleges, on information and beliefs, that DEFENDANTS, and persons acting in concert with them, have committed and will continue to commit the above-described unlawful and/or unfair acts unless restrained or enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result. PLAINTIFF and other interested persons have no plain, speedy, or adequate remedy at law, in that pecuniary compensation alone would not afford adequate and complete relief. The above-described acts will cause great and irreparable damage to PLAINTIFF and other interested persons unless DEFENDANTS are restrained from committing further illegal acts.

94.    PLAINTIFF' success in this action will result in the enforcement of important rights affecting the public and will confer a significant benefit upon the general public. Private enforcement of the rights enumerated in this Complaint are necessary, as public agencies have only sought limited enforcement of those rights, if any. The named PLAINTIFF individually, and by and through counsel, is incurring a financial burden in pursuing this action on behalf of the general public. PLAINTIFF seeks to enjoin the above-referenced unlawful actions under California's Labor Code Industrial Welfare Commission Wage Orders. Therefore, PLAINTIFF seeks an award of attorneys' fees and costs of suit on this action pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws.

## VII.  PRAYER

WHEREFORE, PLAINTIFF on his own behalf and on the behalf of the members of the class, prays for judgment as follows:

1.    For an order certifying the proposed class;

2.    For compensatory and consequential damages;

17

3. Prejudgment interest pursuant to Labor Code § 218.6 accrued on all due and unpaid wages from the date that wages were due and payable, according to proof;

4. Pursuant to IWC Wage Order No. 5, and Labor Code §§ 204, and 1194(a), an award in the

amount of unpaid wages, owed by DEFENDANTS for the four years preceding the filing of this complaint, plus interest.

5. Compensation of one hour at the regular rate of pay for each rest period denied in violation of Labor Code § 226.7 and IWC Wage Order No. 5, according to proof;

6. Waiting time penalties pursuant to Labor Code §§ 201-203;

7. Pursuant to Business & Professions Code § 17203, an award of restitution for the unjustly amounts earned or retained DEFENDANTS by virtue of their engaging in unlawful conduct, according to proof;

8. For civil penalties provided for in Labor Code § 1199 for violation IWC Wage Order No. 5. §13 (A);

9. An award of twenty-five percent (25%) of all penalties due under California law, interest, attorneys' fees and costs to PLAINTIFF as aggrieved employee on behalf of himself and other current and former employees of DEFENDANTS, pursuant to Labor Code §2699(i) and an award of seventy-five percent (75%) of the penalties in favor of the LWDA; and

10. Such other and further relief as the Court deems just and proper.

CLASS ACTION COMPLAINT

1    Dated:  February 4, 2020                    LIBERATION LAW GROUP, P.C.

2

3                                               By: _____

4                                                   Arlo Garcia Uriarte
                                                    Un Kei Wu
5                                                   Attorneys for PLAINTIFF

6                        **VIII.  DEMAND FOR JURY TRIAL**

7        PLAINTIFF hereby demands a trial by jury.

8

9    DATED:  February 4, 2020                    LIBERATION LAW GROUP, P.C.

10

11                                              By: _____

12                                                  Arlo Garcia Uriarte
                                                    Un Kei Wu
13                                                  Attorneys for PLAINTIFF

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        19

# EXHIBIT A

**Attorneys:**
Arlo García Uriarte
Un Kei Wu
Ernesto Sánchez
Daniel P. Iannitelli
Nick Aguilar, Adm. in Fla.



**Legal Assistants:**
Andrea Ortiz
Lorenzo Barrera Cruz
Ivette Olguin
Vicent Uriarte
Crystina Arreola-Nunez
Mariana Toledo Segarra

2760 Mission Street · San Francisco, CA 94110 · 415 695-1000

July 17, 2019

**VIA ONLINE SUBMISSION**

Labor & Workforce Development Agency
Attn. PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

> Re:     *Salvador Rosales v Benihana National Corp and Benihana, Inc.*
>          Notice of Violations

Dear PAGA Administrator:

Pursuant to the Private Attorneys General Act of 2004, attached is a list of violations relevant to this action. Further investigation and discovery may result in shedding light to further violations. Please consider this letter and the attached as the notice required by California Labor Code Section 2699.3.

Pursuant to Labor Code 2699(a), Plaintiff Salvador Rosales hereby apply to recover through civil action on behalf of himself and other current and former aggrieved employees.

Very truly yours,

LIBERATION LAW GROUP, P.C.

Arlo Uriarte

w/enclosures
///
///
///
///

*Liberation Law Group P.C.*
*Rosales Notice of Violations*
*July 17, 2019*

### Benihana National Corp. and Benihana, Inc.

### Labor Code 2699 Notice of Violations

On or about November 14, 2013, Salvador Rosales started to work for Benihana National Corp, Inc. (hereinafter "Defendant"). He worked at the Benihana restaurant located in San Francisco, California. Mr. Rosales worked approximately six days a week as a preparation cook. His supervisors were Jeff (last name unknown) or Virginia (last name unknown).

Instructed by his supervisors, Mr. Rosales was required to arrive approximately ten (10) minutes before his scheduled shift time to change into an uniform, which consisted of a shirt with the restaurant logo, apron and chef hat. At the end of Mr. Rosales's scheduled shift, Mr. Rosales had to clock out before removing his uniform. It took Mr. Rosales on average ten (10) minutes to remove his uniform and leave the restaurant. Mr. Rosales was not compensated for time spent change into and out of his uniform.

Mr. Rosales worked more than eight hours in one day and/or worked more than forty hours in one workweek and Defendant failed to compensate Mr. Rosales overtime pay for his overtime hours.

Sometimes, Mr. Rosales worked seven straight days in one workweek. Defendant failed to compensate Mr. Rosales at his corresponding overtime rate for the first eight hours of work on the seventh consecutive day of the workweek.

Defendant has no policy or practice to provide its employees with rest breaks. During the course of Mr. Rosales' employment, Defendants failed and refused to authorize and permit Mr. Rosales to take 10-minute rest periods for every four hours worked, or major fraction thereof.

Defendant never paid Mr. Rosales one hour of pay at his regular rate of pay for each work day rest breaks were required but not provided.

Defendant failed to provide Mr. Rosales accurate itemized wage statements. the wage statement of Mr. Rosales failed to reflect the rest break premium pay Mr. Rosales was owed.

In or around March 29, 2019, Defendant terminated the employment of Mr. Rosales. Defendant failed to pay all wages due to Mr. Rosales upon his termination.

**Mr. Rosales is informed and believes that other current and former aggrieved employees of Defendant were subjected to the same wage and hour violations as Mr. Rosales noted herein. Pursuant to Labor Code § 2698, Mr. Rosales, on behalf of himself and all current and former aggrieved employees of Defendant, seek to recover civil penalties against Defendant for Labor Code violations pursuant to, but not limited to:**

*Liberation Law Group P.C.*
*Rosales Notice of Violations*
*July 17, 2019*

Defendants failed to pay Mr. Rosales for all hours worked in violation of Labor Code §§ 1194 and 1197. Defendants violated section 4 of the Industrial Welfare Commission Wage Order 5 by failing to pay Mr. Rosales all hours worked at least at the minimum wage rate.

Violations to Labor Code § 1194 - penalties pursuant to Labor Code §2699(f); violation to Labor Code § 1197 – penalties pursuant to Labor Code §§ 1197.1, 558, and 2699(f); violations to Wage Order 5 section 4 – penalties pursuant to § 20 of Wage Order 5.

By requiring Mr. Rosales to work overtime and not properly compensating him for overtime hours worked, Defendant violated Labor Code §§ 510 and 1194, and section 3 of the Industrial Welfare Commission Wage Order 5 by failing to pay Plaintiff for all overtime hours worked at one and one half times his regular rate of pay.

Violations to Labor Code § 510 – penalties pursuant to Labor Code §§ 558 and 2699(f); violations to Labor Code § 1194 - penalties pursuant to Labor Code §2699(f); violations to Wage Order 5 section 3 – penalties pursuant to § 20 of Wage Order 5.

Defendant violated Labor Code §§ 226.7(a) and 512, and section 12 of the Industrial Welfare Commission Wage Order 5, by failing to authorize and provide Mr. Rosales with proper rest breaks and then failing to provide Mr. Rosales the required one-hour compensation when rest breaks are not properly provided.

Violations to Labor Code § 226.7(a) - penalties pursuant to § 2699(f); violations to Labor Code § 512 - penalties pursuant to §§ 558 and 2699(f); violations to section 12 of IWC Order 5 - penalties pursuant to § 20 of IWC Order 5.

Defendant violated Labor Code § 226(a) and Wage Order 5 section 7 by failing to provide Mr. Rosales with accurate itemized wage that informed the premium penalties for improper rest periods.

Violations to Labor Code § 226(a) – penalties pursuant to §§ 226(e), 226.3, and 2699(f); violations to IWC Order 5 section 7 – penalties pursuant to § 20 of IWC Order

Defendant violated Labor Code §§ 201 through 203 by failing to pay Mr. Rosales all wages and compensation owed within 72 hours of his separation date.

Violations to Labor Code §§ 201 through 203 - penalties pursuant to Labor Code section 2699(f).

CASE NUMBER: CGC-20-582696  SALVADOR ROSALES VS. BENIHANA NATIONAL CORP. E*

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

> DATE:    JUL-08-2020
>
> TIME:    10:30AM
>
> PLACE:   Department 610
>          400 McAllister Street
>          San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
>
> (SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



## Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Information Package



> The plaintiff must serve a copy of the ADR Information Package on each defendant along
> with the complaint. Cross-complainants must serve a copy of the ADR Information Package
> on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

### WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for
settling a dispute without a trial. There are many different ADR processes, the most common forms of
which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide
disputes or help parties decide disputes themselves. They can help parties resolve disputes without
having to go to trial.

### WHY CHOOSE ADR?

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should
participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or
some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks,
  through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than
  in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have
  reported a high degree of satisfaction.

**Electing to participate in an ADR process does not stop the time period to
respond to a complaint or cross-complaint**

### WHAT ARE THE ADR OPTIONS?

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The
programs are described below:

### 1) MANDATORY SETTLEMENT CONFERENCES

Settlement conferences are appropriate in any case where settlement is an option. The goal of
settlement conferences is to provide participants an opportunity to reach a mutually acceptable
settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the
court and are often held near the date a case is set for trial, although they may be held earlier if
appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement
conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by
the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

Case 3:20-cv-03903-LB    Document 1    Filed 06/12/20    Page 64 of 96

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

(A) **MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

(B) **JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

(C) **PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

(D) **COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

### 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

#### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

#### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name *and address*) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:<br><br>ATTORNEY FOR *(Name)*: | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: _____<br><br>DEPARTMENT 610 |

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days  ☐ 90-120 days  ☐ Other (please specify) _____

☐ **Other ADR process** (describe) _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____
3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____


_____        _____
Name of Party Stipulating                              Name of Party Stipulating

_____        _____
Name of Party or Attorney Executing Stipulation        Name of Party or Attorney Executing Stipulation

_____        _____
Signature of Party or Attorney                          Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant        ☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated _____        Dated: _____

☐ *Additional signature(s) attached*

ADR-2  10/18          **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**



# Superior Court of California
## County of San Francisco



HON. TERI L. JACKSON
PRESIDING JUDGE

## Judicial Mediation Program

ELIZABETH M. KELBER
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Suzanne R. Bolanos
The Honorable Angela Bradstreet
The Honorable Andrew Y.S. Cheng
The Honorable Curtis E.A. Karnow
The Honorable Charlene P. Kiesselbach

The Honorable Anne-Christine Massullo
The Honorable James Robertson, II
The Honorable John K. Stewart
The Honorable Richard B. Ulmer, Jr.
The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed due to the judge's availability, every effort will be made to fulfill the parties' choice for a particular judge. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
(415) 551-3869

06/2018 (ek)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name *and address*) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR *(Name):* | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: _____ |
|---|---|
| | DEPARTMENT 610 |

**1)    The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐    **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐    **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐    **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐    **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐    **Judicial Mediation -** The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days  ☐ 90-120 days  ☐ Other (please specify) _____

☐    **Other ADR process** (describe) _____

**2)    The parties agree that the ADR Process shall be completed by (date):** _____
**3)    Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  10/18                              **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Arlo Garcia Uriarte, SBN 231764<br>Un Kei Wu, SBN 270058<br>Liberation Law Group, P.C.<br>2760 Mission St., San Francisco, CA 94110<br>TELEPHONE NO.: 415-695-1000    FAX NO. *(Optional):* 415-695-1006<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Salvador Rosales | FOR COURT USE ONLY<br><br>ELECTRONICALLY<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**05/21/2020**<br>**Clerk of the Court**<br>BY: MADONNA CARANTO<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: Salvador Rosales, et al.<br><br>DEFENDANT/RESPONDENT: Benihana National Corp., et al. | CASE NUMBER:<br>CGC-20-582696 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  [✔] summons
    b.  [✔] complaint
    c.  [✔] Alternative Dispute Resolution (ADR) package
    d.  [ ] Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ] cross-complaint
    f.  [✔] other *(specify documents):* Notice to Plaintiff re: Case Management Conference

3.  a.  Party served *(specify name of party as shown on documents served):*
        BENIHANA INC.

    b.  [✔] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
        Adriana Euribe, employee for Registered Agent for Service of Process, authorized to accept.

4.  Address where the party was served:
    Corporate Creations Network, Inc., 21500 Biscayne Boulevard, Suite 900, Aventura, FL 33180
5.  I served the party *(check proper box)*
    a.  [✔] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 05/13/2020    (2) at *(time):*  11:00 AM
    b.  [ ] **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    **or** [ ] a declaration of mailing is attached.

        (5)  [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

| PLAINTIFF/PETITIONER: Salvador Rosales, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Benihana National Corp., et al. | CGC-20-582696 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                        (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☑ On behalf of *(specify):* BENIHANA INC.
      under the following Code of Civil Procedure section:

|  |  |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
|  | ☐ other: |

7. **Person who served papers**
   a. Name: Danny Mendez, Badge 1265, Miami-Dade Co.
   b. Address: c/o Western Attorney Services, 75 Columbia Sq., San Francisco, CA 94103
   c. Telephone number: 415-487-4140
   d. **The fee** for service was: $
   e. I am:
      (1) ☑ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ a registered California process server:
         (i) ☐ owner ☐ employee ☐ independent contractor.
         (ii) Registration No.:
         (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 05/15/2020

Danny Mendez
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    (SIGNATURE )

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Arlo Garcia Uriarte, SBN 231764<br>Un Kei Wu, SBN 270058<br>Liberation Law Group, P.C.<br>2760 Mission St., San Francisco, CA 94110<br>TELEPHONE NO.: 415-695-1000    FAX NO. *(Optional)*: 415-695-1006<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff Salvador Rosales | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**05/21/2020**<br>**Clerk of the Court**<br>**BY: MADONNA CARANTO**<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
 STREET ADDRESS: 400 McAllister St.
 MAILING ADDRESS:
 CITY AND ZIP CODE: San Francisco, CA 94102
 BRANCH NAME:

| PLAINTIFF/PETITIONER: Salvador Rosales, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Benihana National Corp., et al. | CGC-20-582696 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice to Plaintiff re: Case Management Conference

3. a. Party served *(specify name of party as shown on documents served):*
   BENIHANA NATIONAL CORP.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Adriana Euribe, employee for Registered Agent for Service of Process, authorized to accept.

4. Address where the party was served:
   Corporate Creations Network, Inc., 21500 Biscayne Boulevard, Suite 900, Aventura, FL 33180

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 05/13/2020    (2) at *(time):*  11:00 AM
   b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

| PLAINTIFF/PETITIONER: Salvador Rosales, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Benihana National Corp., et al. | CGC-20-582696 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:        (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify)*:  BENIHANA NATIONAL CORP.
    under the following Code of Civil Procedure section:

        ☑ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)
        ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
        ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
        ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
        ☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                              ☐ other:

7. **Person who served papers**
  a. Name: Danny Mendez, Badge 1265, Miami-Dade Co.
  b. Address: c/o Western Attorney Services, 75 Columbia Sq., San Francisco, CA 94103
  c. Telephone number: 415-487-4140
  d. **The fee** for service was: $
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 05/15/2020

Danny Mendez
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)             (SIGNATURE )

# Exhibit C

1    CONSTANCE E. NORTON, Bar No. 146365
LITTLER MENDELSON, P.C.
2    333 Bush Street, 34th Floor
San Francisco, CA  94104
3    Telephone: (415) 433-1940
Facsimile:  (415) 399-8490
4    Email:  cnorton@littler.com

5    CHAD D. GREESON, Bar No. 251928
LITTLER MENDELSON, P.C.
6    Treat Towers, Suite 600
1255 Treat Boulevard
7    Walnut Creek, CA  94597
Telephone: (925) 932-2468
8    Facsimile: (925) 946-9809
Email:  cgreeson@littler.com
9
Attorneys for Defendants
10   BENIHANA NATIONAL CORP. and
BENIHANA INC.
11

12            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                CITY AND COUNTY OF SAN FRANCISCO

14

| | |
|---|---|
| 15  SALVADOR ROSALES, on behalf of | CASE NO.  CGC-20-582696 |
| 16  himself, on behalf of others similarly situated and the general public, | |
| 17          Plaintiff, | **ANSWER OF DEFENDANTS BENIHANA NATIONAL CORP AND BENIHANA INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT** |
| 18       vs. | |
| 19  BENIHANA NATIONAL CORP., | ASSIGNED FOR ALL PURPOSES TO JUDGE GARRETT L. WONG, DEPT. 610 |
| 20  BENIHANA, INC. and DOES 1 through 10, inclusive, | |
| 21         Defendants. | Trial Date:  TBD  Complaint Filed: February 4, 2020 |

22

23

24

25

26

27

28

CASE NO.  CGC-20-582696

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    Defendants Benihana National Corp. and Benihana Inc. (collectively referred to herein

2    as "Defendants[1]") answer the unverified Complaint of Plaintiff Salvador Rosales ("Plaintiff") on

3    behalf of himself, others similarly situated, and the general public as follows:

### GENERAL DENIAL

5    Pursuant to Code of Civil Procedure section 431.30, Defendants deny generally and

6    specifically, collectively and individually, each and every material allegation contained in the

7    Complaint, and deny that Plaintiff, the putative class, and/or the alleged "aggrieved employees" have

8    been injured or damaged in any sum, or at all, and further deny that Plaintiff, the putative class, and/or

9    the alleged "aggrieved employees" are entitled to any damages or relief whatsoever.

### AFFIRMATIVE AND OTHER DEFENSES

11    Defendants assert the following affirmative and other defenses, which apply to the

12    claims of Plaintiff, and/or some or all of the putative class members, and/or alleged "aggrieved

13    employees." By asserting these defenses, Defendants do not concede that they have the burden of

14    proof as to any such defense. To the extent that any defenses or legal theories asserted herein may be

15    interpreted as being inconsistent, such defenses or legal theories are hereby pleaded in the alternative.

16    Defendants do not presently know all the facts concerning Plaintiff's conduct sufficient to state all

17    defenses at this time. Defendants will seek leave of this Court to amend this Answer should they later

18    discover facts demonstrating the existence of additional defenses. Subject to and without waiving the

19    foregoing, and without waiving Plaintiff's burden to show otherwise, Defendants plead as follows:

### FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

22    1.    The Complaint, and each and every cause of action alleged therein, fails, in whole or

23    in part, to state facts sufficient to constitute a cause of action upon which relief may be granted.

24    ///

---

[1] Defendant Benihana Inc. was wrongfully sued and was not Plaintiff's employer. Benihana Inc. had no employees in the State of California during the relevant period, and it did not employee Plaintiff. Rather, Plaintiff was an employee of Benihana National Corp. at all relevant times mentioned herein. Therefore, any use in this Answer of the collective term "Defendants" refers solely to the fact that Benihana, Inc. was named as a defendant in this action, and does not constitute an admission that it employed Plaintiff, any member of the putative class, and/or any allegedly aggrieved employee.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

2.                                    CASE NO.  CGC-20-582696

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

## SECOND AFFIRMATIVE DEFENSE

2

### Statute of Limitations

3      2.      The Complaint, and each and every cause of action alleged therein, is barred, in whole

4  or in part, by the applicable statute(s) of limitations, including, but not limited to, Code of Civil

5  Procedure sections 338(a), 340 and 343, Labor Code section 203, and California Business &

6  Professions Code section 17208.

7

## THIRD AFFIRMATIVE DEFENSE

8

### Arbitration

9      3.      The Complaint, and each and every cause of action alleged therein, is barred, in whole

10  or in part, to the extent any valid and enforceable arbitration agreement exists.

11

## FOURTH AFFIRMATIVE DEFENSE

12

### *Res Judicata* and Collateral Estoppel

13      4.      The Complaint, and each and every cause of action alleged therein, is barred by the

14  doctrines of collateral estoppel and/or *res judicata* to the extent that Plaintiff, and/or some or all of the

15  putative class members, and/or alleged "aggrieved employees" have litigated issues raised by the

16  Complaint prior to adjudication of those issues in the instant action.

17

## FIFTH AFFIRMATIVE DEFENSE

18

### Prior Release

19      5.      The Complaint, and each and every cause of action alleged therein, is barred to the

20  extent that Plaintiff, and/or some or all of the putative class members, and/or alleged "aggrieved

21  employees" have released Defendants from any liability as alleged in the Complaint.

22

## SIXTH AFFIRMATIVE DEFENSE

23

### Defendants Not the Employer

24      6.      The Complaint, and each and every cause of action alleged therein, is barred, in whole

25  or in part, because Plaintiff, and/or some or all of the putative class members, and/or alleged

26  "aggrieved employees" were not employed by Defendants, and Benihana, Inc. has no employees.

27  ///

28  ///

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

3.

CASE NO.  CGC-20-582696

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

### SEVENTH AFFIRMATIVE DEFENSE

2

### Avoidable Consequences – Failure to Mitigate

3      7.      The Complaint, and each and every cause of action alleged therein, is barred, in whole

4  or in part, by the doctrine of avoidable consequences because Plaintiff, and/or some or all of the

5  putative class members, and/or alleged "aggrieved employees" could have taken reasonable steps to

6  avoid or mitigate the damages claimed, such as by reporting any unpaid work time and/or unpaid

7  wages and/or timely reporting any inability to take a rest break. Their failure bars and/or diminishes

8  any recovery against Defendants.

9

### EIGHTH AFFIRMATIVE DEFENSE

10

### Secretive Work

11      8.      The Complaint, and each and every cause of action alleged therein, is barred, in whole

12  or in part, because the work of Plaintiff, and/or some or all of the putative class members, and/or

13  alleged "aggrieved employees" was voluntary in nature and performed without Defendants'

14  knowledge or authorization, they deliberately prevented Defendant Benihana National Corp. from

15  acquiring knowledge of the hours worked, and/or Defendants were otherwise unaware of the hours

16  they worked.

17

### NINTH AFFIRMATIVE DEFENSE

18

### No Hours Worked

19      9.      The Complaint, and each and every cause of action alleged therein, is barred, in whole

20  or in part, because the time alleged by Plaintiff, and/or some or all of the putative class members,

21  and/or alleged "aggrieved employees" does not constitute "hours worked" within the meaning of state

22  law.

23

### TENTH AFFIRMATIVE DEFENSE

24

### *De Minimis*

25      10.      The Complaint, and each and every cause of action alleged therein, is barred, in whole

26  or in part, because any work of Plaintiff, and/or some or all of the putative class members, and/or

27  alleged "aggrieved employees" beyond their compensated workday or workweek was *de minimis*.

28  ///

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

4.                    CASE NO. CGC-20-582696

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1          **ELEVENTH AFFIRMATIVE DEFENSE**

2          **Accord and Satisfaction/Full Performance**

3          11.     The Complaint, and each and every cause of action alleged therein, fails because

4    Plaintiff, and/or some or all of the putative class members, and/or alleged "aggrieved employees" have

5    been fully paid all amounts legally owed by Defendants, and by accepting the payments made to them,

6    they have effectuated an accord and satisfaction of their claims.

7          **TWELFTH AFFIRMATIVE DEFENSE**

8          **No Private Right of Action**

9          12.     The Complaint, and each and every cause of action alleged therein, is barred as there

10   is no private right of action for such claims.

11         **THIRTEENTH AFFIRMATIVE DEFENSE**

12         **No Irreparable Harm**

13         13.     The Complaint, and each and every cause of action therein, is barred in whole or in

14   part, as Plaintiff, and/or some or all of the putative class members, and/or alleged "aggrieved

15   employees" have not suffered and will not suffer irreparable harm because of any of the alleged

16   conduct of Defendants, and on that basis there is no entitlement to injunctive or other relief.

17         **FOURTEENTH AFFIRMATIVE DEFENSE**

18         **No Standing for Injunctive Relief**

19         14.     Defendants allege that Plaintiff, as a former employee, lacks standing to pursue any

20   claims for injunctive or declaratory relief on his behalf or on behalf of the Putative Class members.

21         **FIFTEENTH AFFIRMATIVE DEFENSE**

22   **Laches, Estoppel, Unclean Hands, Consent, Waiver, Release, and/or Unjust Enrichment**

23         15.     The Complaint, and each and every cause of action therein, is barred in whole or in part

24   by the doctrine(s) of laches, estoppel, unclean hands, consent, waiver, release, and/or unjust

25   enrichment.

26   ///

27   ///

28   ///

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

5.          CASE NO.  CGC-20-582696

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## SIXTEENTH AFFIRMATIVE DEFENSE

### Liquidated Damages, Costs, or Attorneys' Fees

16.     The Complaint, and each and every cause of action alleged therein, fails to state a claim for an award of liquidated damages, costs, or attorneys' fees under California Labor Code sections 218.5, 226, 1194, 1194.2(a), and 2698, *et seq.*, Code of Civil Procedure section 1021.5, California Business and Professions Code section 17200, *et seq.*, or any other basis.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Exhaustion

17.     Plaintiff, the putative class members, and/or alleged "aggrieved employees" failed to properly exhaust all of the applicable contractual, administrative, and/or statutorily required remedies prior to filing this action, and that such failure bars this suit in whole or in part.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Damages or Loss Proximately Caused By Plaintiff and/or Putative Class Members

18.     Defendants allege that any damage or loss sustained by Plaintiff, the putative class members, and/or alleged "aggrieved employees" was proximately caused by their own actions or inactions.

## NINETEENTH AFFIRMATIVE DEFENSE

### Double Recovery

19.     Defendants allege that, to the extent multiple penalties are sought for the same alleged violations, such claims are barred by the prohibition on double recovery and would violate Defendants' due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California.

## TWENTIETH AFFIRMATIVE DEFENSE

### Excessive Fines

20.     Defendants allege that any claims of Plaintiff, the putative class members, and/or alleged "aggrieved employees" seeking penalties or exemplary damages are barred, in whole or in part, because the imposition of such damages in this case would violate the due process and excessive fines clauses in violation of the Eighth and Fourteenth Amendments of the United States Constitution

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

6.                                        CASE NO.  CGC-20-582696

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    and Article 1, sections 7 and 8 of the California Constitution, including the prohibition against

2    excessive fines and punishment. *See Timbs v. Indiana*, 139 S.Ct. 682, 2019 WL 691578 (U.S. Feb. 20,

3    2019) (Excessive Fines Clause of the Eighth Amendment prohibits the government from imposing

4    "excessive fines" as punishment); *United States v. Mackby*, 261 F.3d 821, 830 (9th Cir. 2001) (civil

5    sanctions under False Claims Act should be analyzed under "the Excessive Fines Clause because the

6    sanctions represent a payment to the government, at least in part, as punishment."); *City & Cty. of San*

7    *Francisco v. Sainez*, 77 Cal. App. 4th 1302, 1321 (2000) (applying the prohibition of excessive fines

8    to penalties imposed under California's Building Code: "The law is settled that a civil penalty such as

9    the one here, by virtue of its partially punitive purpose, is a fine for purposes of the constitutional

10   protection.")

11                          **TWENTY-FIRST AFFIRMATIVE DEFENSE**

12                                  **Abstention**

13           21.     Defendants allege that the Complaint cannot be maintained against them to the extent

14   Plaintiff, the putative class members, and/or alleged "aggrieved employees" secreted or absented

15   themselves to avoid payment of wages, thereby relieving Defendants of any liability for penalties

16   predicated on Labor Code sections 203 and/or 210.

17                          **TWENTY-SECOND AFFIRMATIVE DEFENSE**

18                                  **Breach of Duties**

19           22.     Defendants are informed and believe that a reasonable opportunity for investigation

20   and discovery will reveal, and on that basis allege, that the Complaint, and each purported cause of

21   action therein, are barred by breaches of duties that Plaintiff, the putative class members, and/or

22   alleged "aggrieved employees" owed to Defendant Benihana National Corp. under Labor Code

23   sections 2853, 2854, 2856, 2857, 2858 and 2859.

24                          **TWENTY-THIRD AFFIRMATIVE DEFENSE**

25                                  **Substantial Compliance**

26           23.     Defendants allege that even assuming *arguendo*, Defendants failed to comply with any

27   provision of the Labor Code, Defendants' substantial compliance renders an award of civil penalties

28   inappropriate under the circumstances, including civil penalties pursuant to the Wage Order and Labor

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

7.                                              CASE NO. CGC-20-582696

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1   Code.  For the same reason, should the Court find that a violation of the Labor Code occurred, and

2   such violation gives rise to potential penalties, the Court must exercise its discretion and significantly

3   discount or eliminate any potential penalties owed by Defendants due to their good faith efforts to

4   comply with the Labor Code and/or substantial compliance with the Labor Code.

5                          **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

6                            **Reasonable Belief of Compliance with Law**

7           24.     Defendants allege that any violation of the Labor Code or an Order of the Industrial

8   Welfare Commission was an act or omission made in good faith and Defendants had reasonable

9   grounds for believing that policies and practices complied with applicable laws and that any such act

10  or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission

11  such that there is no entitlement to any damages.

12                          **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

13                          **Rest Breaks – Failure to Follow Instruction**

14          25.     Civil penalties pursuant to Labor Code section 558 predicated on Labor Code sections

15  226.7 and 512 are inappropriate because, to the extent, if any, that Plaintiff, and/or some or all of the

16  putative class members, and/or alleged "aggrieved employees" did not take meal periods or rest breaks,

17  it was the result of their failure to follow Defendants' reasonable instructions.

18                          **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

19                                  **Rest Breaks – Provided**

20          26.     Any rest period claims fail, in whole or in part, because Plaintiff, the putative class

21  members, and/or alleged "aggrieved employees" were provided with and/or authorized and permitted

22  to take all legally required rest breaks.

23                          **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

24                            **Rest Breaks – Voluntarily Skipped**

25          27.     Any rest period claims fail, in whole or in part, because Plaintiff, the putative class

26  members, and/or alleged "aggrieved employees" voluntarily skipped, shortened, or waived rest breaks.

27  ///

28  ///

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

8.                                  CASE NO.  CGC-20-582696

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

2

**Cal. Lab. Code § 1197 – Minimum Wages – Compliance**

3          28.    The claims of Plaintiff, the putative class members, and/or the alleged "aggrieved

4    employees" for unpaid minimum wages are barred, either in whole or in part, because Defendants at

5    all times paid them at minimum wage or above.

6

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

7

**Cal. Lab. Code § 510 – Overtime Wages – Compliance**

8          29.    The claims of Plaintiff, the putative class members, and/or the alleged "aggrieved

9    employees" for unpaid overtime are barred, in whole or in part, because Defendants paid them

10   overtime in compliance with California law.

11

**THIRTIETH AFFIRMATIVE DEFENSE**

12

**Waiting Time Penalties – Good Faith Dispute**

13         30.    Any claims for penalties pursuant to Labor Code section 203 are barred, in whole or in

14   part, because a good faith dispute exists over whether any wages are owed to Plaintiff, the putative

15   class members, and/or alleged "aggrieved employees."

16

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

17

**Waiting Time Penalties – Not Willful**

18         31.    Any claims for penalties pursuant to Labor Code section 203 are barred, in whole or in

19   part, because any failure to pay waiting time penalties was not intentional or willful.

20

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

21

**Waiting Time Penalties – Not Wages**

22         32.    Any claims for penalties pursuant to Labor Code section 203 are barred, in whole or in

23   part, because the compensation/premiums sought do not constitute wages.

24

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

25

**Waiting Time Penalties – No Penalties After Action Filed**

26         33.    Any claims for penalties pursuant to Labor Code section 203 are barred, in whole or in

27   part, by the statute of limitations, as any claim stopped accruing upon the filing of the Complaint.

28   ///

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

9.                              CASE NO. CGC-20-582696

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### Wage Statements – Not Knowing and Intentional

34.    Any claims for penalties pursuant to Labor Code section 226 are barred, in whole or in part, because Plaintiff, the putative class members, and/or alleged "aggrieved employees" were not "injured" thereby and/or because Defendants' alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code § 226(e).

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### Wage Statements – Good Faith Belief

35.    Defendants acted with a reasonable and good faith belief that they complied with their obligations, if any, under the California Labor Code, specifically including sections 226, 226.3, and 226.7 thereof, as to Plaintiff, the putative class members, and/or alleged "aggrieved employees."

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### Wage Statements – Substantial Compliance

36.    Any claims for penalties pursuant to Labor Code section 226 are barred, in whole or in part, because Defendants substantially complied with all applicable laws, statutes, regulations, and applicable Wage Orders.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### Wage Statements – Lack of Injury

37.    Plaintiff, the putative class members, and/or alleged "aggrieved employees" sustained no injury from any alleged failure by Defendants to comply with Labor Code section 226.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### Timing of Wage Payments

38.    Any claims for penalties, including, but not limited to penalties predicated on Labor Code sections 201-204, are barred, in whole or in part, because (1) there are *bona fide* disputes as to whether Defendants failed to timely pay all wages due, (2) Defendants have not willfully failed to pay such compensation, if any is owed, and/or (3) to impose penalties in this case would be inequitable and unjust.

///

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

10.

CASE NO.  CGC-20-582696

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### No Representative and/or Class Action

39.     The Complaint, and each and every cause of action set forth therein as a representative or class action, fails because: (a) common issues of fact or law do not predominate, rather, to the contrary, individual issues predominate; (b) Plaintiff's claims are not representative or typical of the claims of the putative class members; (c) Plaintiff and the putative class counsel are not adequate representatives for the putative class; and/or (d) a well-defined community of interest in the questions of law and/or fact affecting Plaintiff and the putative class members does not exist.

## FORTIETH AFFIRMATIVE DEFENSE

### Class and PAGA Action – Lack of Standing

40.     The Complaint cannot proceed as a class action or representative action on any of the causes of action alleged, including under California Business and Professions Code section 17200, *et seq.* or under the Private Attorneys General Act ("PAGA") under California Labor Code § 2698, *et seq.*, because Plaintiff and some or all of the Putative Class or alleged "aggrieved employees" lack standing to bring this action.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### Class and PAGA Action – Lack of Manageability

41.     The Complaint, and each and every cause of action alleged therein, or some of them, cannot proceed as a class or PAGA action because of difficulties likely to be encountered that render the action unmanageable.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### Class and PAGA Action – Violation of Due Process

42.     Certification of a class or PAGA action, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

///

///

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

11.

CASE NO.  CGC-20-582696

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

## FORTY-THIRD AFFIRMATIVE DEFENSE

2

### Class Action – Class Definition

3    43.    The proposed class definitions in the Complaint are vague and overly broad, and

4    otherwise fail to satisfy the requirements for maintaining a class action.

5

## FORTY-FOURTH AFFIRMATIVE DEFENSE

6

### Class Action – No Damages

7    44.    This case cannot be tried on a representative basis or with the use of statistical sampling

8    consistent with due process because the use of representative evidence or statistical sampling would

9    result in damages being awarded to those who have suffered no injury and have no legal right to

10   damages.

11

## FORTY-FIFTH AFFIRMATIVE DEFENSE

12

### PAGA – No Unpaid Wages

13   45.    Any claims based on the Private Attorneys General Act are barred to the extent Plaintiff

14   seeks to recover penalties pursuant to California Labor Code sections 226 and/or 558, as such penalties

15   may only be imposed in a proceeding brought by the California Labor Commissioner.

16

## FORTY-SIXTH AFFIRMATIVE DEFENSE

17

### PAGA – Inadequate Representative

18   46.    Any claims based on the Private Attorneys General Act are barred because Plaintiff is

19   not an adequate and proper representative of any group or putative class of alleged "aggrieved

20   employees."

21

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

22

### PAGA – Insufficient Notice

23   47.    Plaintiff failed to provide the California Labor & Workforce Development Agency

24   ("LWDA") sufficient notice of the claims, the names of the alleged "aggrieved employees" on whose

25   behalf Plaintiff intends to seek penalties, and/or the facts underlying their claims to permit the LWDA

26   to make a reasoned determination regarding whether to investigate; thus, Plaintiff's notice was

27   deficient and the Court lacks jurisdiction over claims for violation of the Private Attorneys General

28   Act.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

12.    CASE NO. CGC-20-582696

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

2

**PAGA – Failure to Timely Exhaust**

3    48.    Plaintiff's claim for civil penalties is barred, in whole or in part, to the extent Plaintiff

4  failed to timely exhaust the notice and other administrative requirements set out in the Private

5  Attorneys General Act, Labor Code section 2589, *et seq*.

6

**FORTY-NINTH AFFIRMATIVE DEFENSE**

7

**PAGA – Failure to Exhaust for Future Violations**

8    49.    Any claims made by Plaintiff or alleged "aggrieved employees" for penalties occurring

9  after the date of the "written notice" provided to the LWDA pursuant to Labor Code § 2699.3 are

10  barred because Plaintiff failed to exhaust the mandatory exhaustion requirements under the Private

11  Attorneys General Act for those future violations, if any.

12

**FIFTIETH AFFIRMATIVE DEFENSE**

13

**PAGA – LWDA Retains Authority**

14    50.    Any claims made by Plaintiff or alleged "aggrieved employees" for penalties occurring

15  after the date of the "written notice" provided to the LWDA pursuant to Labor Code § 2699.3 are

16  barred because the LWDA, and its departments, divisions, commissions, boards, agencies, or

17  employees retain the primary and exclusive authority to investigate and cite a "person" (as defined by

18  the PAGA) for future violations not disclosed in the administrative exhaustion required by the PAGA.

19

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

20

**PAGA – Penalties Barred**

21    51.    Any claims made by Plaintiff or alleged "aggrieved employees" for penalties occurring

22  after the date of the "written notice" provided to the LWDA pursuant to Labor Code section 2699.3

23  are barred because under Labor Code section 2699(e)(1), the Court has the discretion of the LWDA,

24  or any of its departments, divisions, commissions, boards, agencies, or employees in assessing a civil

25  penalty, which includes the discretionary authority not to pursue claims or penalties against a "person"

26  (as defined by the PAGA) and an award of penalties for future violations would be unwarranted and

27  unjust to the extent the Court determines that the language of PAGA regarding civil penalties

28  recoverable by Plaintiff is ambiguous (which Defendant denies).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

13.

CASE NO.  CGC-20-582696

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

## FIFTY-SECOND AFFIRMATIVE DEFENSE

2

### PAGA – *Qui Tam* Action

3        52.    Any claims made by Plaintiff or alleged "aggrieved employees" for penalties occurring

4    after the date of the "written notice" provided to the LWDA pursuant to Labor Code section 2699.3

5    are barred because a representative PAGA action, to the extent it is a *qui tam* action, lacks

6    governmental oversight of the action that is provided in other types of *qui tam* actions, which justifies

7    the recovery for future violations.

8

## FIFTY-THIRD AFFIRMATIVE DEFENSE

9

### PAGA – First to File

10        53.    Any claims made by Plaintiff or alleged "aggrieved employees" for penalties occurring

11    after the date of the "written notice" provided to the LWDA pursuant to Labor Code § 2699.3 are

12    barred because a representative PAGA action, to the extent it is a *qui tam* action, lacks a first-to-file

13    rule that is provided in other types of *qui tam* actions, which justifies the recovery for future violations.

14

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

15

### PAGA – Earlier Filed Action

16        54.    Defendants allege that Plaintiff's Complaint and his claim for PAGA penalties must be

17    abated or stayed because Plaintiff asserts the same claims based on the same predicate violations

18    arising from the same alleged relationship in an earlier filed PAGA action against Defendants.

19

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

20

### PAGA – Double Recovery of Penalties

21        55.    Plaintiff and the alleged "aggrieved employees" are not entitled to recover civil

22    penalties under PAGA, to the extent that such penalties are sought in addition to other civil penalties

23    for the same claims, as such double recovery is prohibited and would constitute unjust enrichment.

24

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

25

### PAGA – Separation of Powers (Judicial Branch)

26        56.    Any claims based on the Private Attorneys General Act are barred, in whole or in part,

27    because the prosecution of this matter as a representative action under the PAGA, and/or an award of

28    penalties pursuant to the PAGA, would violate the constitutionally based separation of powers doctrine

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

14.                                CASE NO. CGC-20-582696

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

by impermissibly usurping the authority to regulate lawyers assigned to the judicial branch of government, including the power to promulgate the rules by which lawyers/prosecutors may or may not pursue such claims.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

### PAGA – Separation of Powers (Executive Branch)

57.     Any claims based on the Private Attorneys General Act are barred, in whole or in part, because the prosecution of this matter as a representative action under PAGA, and/or an award of penalties pursuant to the PAGA, would violate the constitutionally based separation of powers doctrine by impermissibly usurping prosecutorial authority assigned to the executive branch of government and impermissibly delegated by the PAGA to private attorneys without essential safeguards, including continuing oversight or control by the executive branch.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

### PAGA – Equal Protection

58.     Any claims based on the Private Attorneys General Act are barred, in whole or in part, because the prosecution of this matter as a representative action under PAGA, and/or an award of penalties pursuant to the PAGA, would violate the Equal Protection Clause of the United States and California Constitutions, as it arbitrarily and unjustly exempts certain employers to the exclusion of others. *See* Labor Code § 2699.6.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

### PAGA – No Aggrieved Employees

59.     Any claims based on the Private Attorneys General Act are barred, in whole or in part, because there are no "aggrieved employees."

## SIXTIETH AFFIRMATIVE DEFENSE

### PAGA – Violations Cured

60.     Any claims based on the Private Attorneys General Act are barred, in whole or in part, because Defendants timely cured any alleged violations.

///

///

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

15.                CASE NO. CGC-20-582696

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

## SIXTY-FIRST AFFIRMATIVE DEFENSE

2

### PAGA – No Jury Trial

3    61.    Neither Plaintiff nor any alleged "aggrieved employees" are entitled to a jury trial

4  because a claim under the PAGA is an action solely seeking PAGA penalties, which sound in equity

5  and thus may only be tried to a court.

6

## SIXTY-SECOND AFFIRMATIVE DEFENSE

7

### Additional Defenses

8    62.    Defendants hereby reserve the right to assert any affirmative or additional defenses

9  they discover during the course of this litigation and prays that the Court afford them leave to amend

10  their Answer and upon a timely motion requesting the ability to do the same.

11

## PRAYER FOR RELIEF

12    **WHEREFORE**, Defendants pray:

13    1.    That Plaintiff's Complaint be dismissed in its entirety with prejudice;

14    2.    That a class or subclass not be certified;

15    3.    That Plaintiff, the putative class members, and/or the alleged "aggrieved employees"

16  take nothing by way of this action;

17    4.    That judgment be entered in Defendants' favor;

18    5.    That Defendants be awarded their costs of suit and attorneys' fees incurred herein;

19  and

20    6.    That Defendants be awarded such other and further relief as the Court deems just and

21  proper.

22  DATED:  June 11, 2020

23

24    _____
    CONSTANCE E. NORTON

25    CHAD D. GREESON
    LITTLER MENDELSON, P.C.

26    Attorneys for Defendants

27    BENIHANA NATIONAL CORP.
    and BENIHANA INC.

28  4823-4558-8671.1 062447.1153

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

16.

CASE NO.  CGC-20-582696

1          **PROOF OF SERVICE**

2          I, the undersigned, state:

3          I am employed in the City and County of Contra Costa, State of California.  I am over
the age of 18 years, and not a party to the within action.  My business address is LITTLER
4   MENDELSON, P.C., 1255 Treat Boulevard, Ste. 600, Walnut Creek, CA 94597.

5          On June 11, 2020, I served the foregoing document(s) described as:

6          ANSWER OF DEFENDANTS BENIHANA NATIONAL CORP. AND BENIHANA
           INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT
7

8   on the interested parties by enclosing a true copy in a sealed envelope addressed as follows:

9   Arlo Garcia Uriarte, Esq.                          *Attorneys for Plaintiff, SALVADOR ROSALES*
    Un Kei Wu, Esq.
    LIBERATION LAW GROUP P.C.                  Telephone:  (415) 695-1000
10  2760 Mission Street                                 Email: arlo@liberationlawgroup.com
    San Francisco, CA 94110                        unkei@liberationlawgroup.com
11

12  ☐    **VIA OVERNIGHT DELIVERY**:  I enclosed the documents in an envelope or
           package provided by an overnight delivery carrier and addressed to the person(s) at
13         the address(es) listed above.  I placed the envelope or package for collection and
           overnight delivery at an office or a regularly utilized drop box of the overnight
14         delivery carrier.

15  ☐    **VIA U.S. MAIL:**  I enclosed the document(s) in a sealed envelope or package
           addressed to the person(s) at the address(es) listed above and placed the
16         envelope(s) for collection and mailing, following our ordinary business practices.  I
           am readily familiar with Littler Mendelson, P.C.'s practice for collecting and
17         processing correspondence for mailing.  On the same day that correspondence is
           placed for collection and mailing, it is deposited in the ordinary course of business
18         with the United States Postal Service, in a sealed envelope with postage fully
           prepaid.

19  ☐    **VIA FAX TRANSMISSION**:  Based on an agreement of the parties to accept
           service by fax transmission, I faxed the documents to the persons at the fax
20         numbers listed above.  No error was reported by the fax machine that I used.

21  ☒    **VIA ELECTRONIC MAIL:**  Based on a court order or an agreement of the
           parties to accept electronic service, I caused the document(s) to be sent to the
22         persons at the electronic service addresses listed as follows:

23         Email:
           arlo@liberationlawgroup.com
24         unkei@liberationlawgroup.com

25

26

27

28

LITTLER MENDELSON, P.C.
333 BUSH STREET
34TH FLOOR
SAN FRANCISCO, CA  94104
415.433.1940

CASE NO. CGC-20-582696

PROOF OF SERVICE

1

☐  **VIA MESSENGER SERVICE**:  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

2

3

**DECLARATION OF MESSENGER**:  I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed above.  For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening; for a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.  At the time of service, I was over 18 years of age.  I am not a party to the above-referenced legal proceeding.  I served the envelope or package, as stated above on June 11, 2020.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

4

5

6

7

8

9

Dated: _____          _____

10

Signature of Declarant/Messenger

11

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

12

13

Executed on June 11, 2020, at Walnut Creek, California.

14

15

16

_____

CHAD D. GREESON

17

4823-3683-2191.1 062447.1153

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 BUSH STREET
34TH FLOOR
SAN FRANCISCO, CA  94104
415.433.1940

2.                    CASE NO. CGC-20-582696

PROOF OF SERVICE

# Exhibit D

<table>
<tr><td>1</td><td>CONSTANCE E. NORTON, Bar No. 146365<br>LITTLER MENDELSON, P.C.</td></tr>
<tr><td>2</td><td>333 Bush Street, 34th Floor<br>San Francisco, CA 94104</td></tr>
<tr><td>3</td><td>Telephone: (415) 433-1940<br>Facsimile: (415) 399-8490</td></tr>
<tr><td>4</td><td>Email: cnorton@littler.com</td></tr>
<tr><td>5</td><td>CHAD D. GREESON, Bar No. 251928<br>LITTLER MENDELSON, P.C.</td></tr>
<tr><td>6</td><td>Treat Towers, Suite 600<br>1255 Treat Boulevard</td></tr>
<tr><td>7</td><td>Walnut Creek, CA 94597<br>Telephone: (925) 932-2468</td></tr>
<tr><td>8</td><td>Facsimile: (925) 946-9809<br>Email: cgreeson@littler.com</td></tr>
<tr><td>9</td><td></td></tr>
<tr><td>10</td><td>Attorneys for Defendants<br>BENIHANA NATIONAL CORP. and<br>BENIHANA INC.</td></tr>
</table>

| | |
|---|---|
| 1 | CONSTANCE E. NORTON, Bar No. 146365 |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| SALVADOR ROSALES, on behalf of himself, on behalf of others similarly situated and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>BENIHANA NATIONAL CORP., BENIHANA, INC. and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CGC-20-582696<br><br>**NOTICE TO STATE COURT AND ADVERSE PARTIES OF FILING NOTICE OF REMOVAL**<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE GARRETT L. WONG, DEPT. 610<br><br>Trial Date: TBD<br>Complaint Filed: February 4, 2020 |

1 **TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, CITY**

2 **AND COUNTY OF SAN FRANCISCO, PLAINTIFF SALVADOR ROSALES AND HIS**

3 **ATTORNEYS OF RECORD:**

4       **PLEASE TAKE NOTICE** that Defendants Benihana National Corp. and Benihana Inc. have

5 filed a Notice of Removal in the United States District Court for the Northern District of California.

6 The basis for original jurisdiction of the federal court is grounded in the Class Action Fairness Act and

7 pursuant to 28 U.S.C. sections 1332(d) and 1441(a). A copy of the Notice of Removal is attached

8 hereto as **Exhibit 1**.

9       **PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. section 1446, the filing of

10 the Notice of Removal with the United States District Court, together with the filing of this Notice,

11 effects the removal of this action to federal court and this Court shall proceed no further in this matter,

12 unless and until the federal court remands this matter.

13

14 DATED: June 12, 2020

15

16                                        CONSTANCE E. NORTON

17                                        CHAD D. GREESON
                                       LITTLER MENDELSON, P.C.

18                                        Attorneys for Defendants

19                                        BENIHANA NATIONAL CORP.
                                       and BENIHANA INC.

20

21

22

   4812-4065-3503.1 062447.1153

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

I, the undersigned, state:

3

I am employed in the City and County of Contra Costa, State of California.  I am over

4
the age of 18 years, and not a party to the within action.  My business address is LITTLER
MENDELSON, P.C., 1255 Treat Boulevard, Ste. 600, Walnut Creek, CA 94597.

5

On June 12, 2020, I served the foregoing document(s) described as:

6

NOTICE TO STATE COURT AND ADVERSE PARTIES OF FILING NOTICE OF
REMOVAL

7

8

on the interested parties by enclosing a true copy in a sealed envelope addressed as follows:

9
Arlo Garcia Uriarte, Esq.                                            *Attorneys for Plaintiff, SALVADOR ROSALES*
Un Kei Wu, Esq.
LIBERATION LAW GROUP P.C.                             Telephone:  (415) 695-1000

10
2760 Mission Street                                                   Email: arlo@liberationlawgroup.com
San Francisco, CA 94110                                          unkei@liberationlawgroup.com

11

12
☐   **VIA OVERNIGHT DELIVERY**:  I enclosed the documents in an envelope or
package provided by an overnight delivery carrier and addressed to the person(s) at

13
the address(es) listed above.  I placed the envelope or package for collection and
overnight delivery at an office or a regularly utilized drop box of the overnight

14
delivery carrier.

15
☐   **VIA U.S. MAIL:**  I enclosed the document(s) in a sealed envelope or package
addressed to the person(s) at the address(es) listed above and placed the

16
envelope(s) for collection and mailing, following our ordinary business practices.  I
am readily familiar with Littler Mendelson, P.C.'s practice for collecting and

17
processing correspondence for mailing.  On the same day that correspondence is
placed for collection and mailing, it is deposited in the ordinary course of business

18
with the United States Postal Service, in a sealed envelope with postage fully
prepaid.

19
☐   **VIA FAX TRANSMISSION**:  Based on an agreement of the parties to accept

20
service by fax transmission, I faxed the documents to the persons at the fax
numbers listed above.  No error was reported by the fax machine that I used.

21
☒   **VIA ELECTRONIC MAIL:**  Based on a court order or an agreement of the
parties to accept electronic service, I caused the document(s) to be sent to the

22
persons at the electronic service addresses listed as follows:

23
Email:
arlo@liberationlawgroup.com

24
unkei@liberationlawgroup.com

25

26

27

28

LITTLER MENDELSON, P.C.
333 BUSH STREET
34TH FLOOR
SAN FRANCISCO, CA 94104
415.433.1940

CASE NO. CGC-20-582696

PROOF OF SERVICE

1

☐ **VIA MESSENGER SERVICE**:  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

2

3

**DECLARATION OF MESSENGER**:  I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed above.  For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening; for a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.  At the time of service, I was over 18 years of age.  I am not a party to the above-referenced legal proceeding.  I served the envelope or package, as stated above on June 12, 2020.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

4

5

6

7

8

9

Dated: _____          _____

10

Signature of Declarant/Messenger

11

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

12

13

Executed on June 12, 2020, at Walnut Creek, California.

14

*Monica A. Martinez*

15

_____
MONICA A. MARTINEZ

16

4826-6465-1968.1 062447.1153

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 BUSH STREET
34TH FLOOR
SAN FRANCISCO, CA 94104
415.433.1940

2.                                      CASE NO. CGC-20-582696

PROOF OF SERVICE